■ In the Matter of Estate of DANIEL LOVICK, Deceased. ISABELLE LOVICK, Appellant; ERNESTINE LOVICK, Respondent. [608 NYS2d 310] —In a proceeding pursuant to SCPA 1001 to obtain letters of administration of the estate of Daniel Lovick, Isabelle Lovick appeals from a decree of the Surrogate's Court, Queens County (Kassoff, S.), entered September 16, 1991, which, after a nonjury trial (Laurino, S.), declared that the petitioner Ernestine Lovick was the decedent's surviving spouse and ordered that letters of administration be issued to the petitioner.

Ordered that the decree is affirmed, with costs payable by the appellant personally.

The decedent Daniel Lovick and the appellant Isabelle Lovick were married in 1953. In 1963, they were divorced pursuant to a Mexican divorce decree which indicated that the appellant had commenced the action through a Mexican

attorney. In 1977, the decedent married the petitioner Ernestine Lovick in Brooklyn. The decedent died on January 27, 1989, and the petitioner commenced the instant proceeding for letters of administration of his estate. The appellant filed a verified objection to the petition alleging, *inter alia,* that she was never legally divorced from the decedent. The appellant claimed that the Mexican divorce was invalid due to the alleged forgery of a power of attorney. Following a trial, the Surrogate ruled that the petitioner was the surviving spouse of the decedent and named her administrator of his estate. We affirm.

The New York courts will generally accord recognition to bilateral foreign judgments of divorce under the doctrine of comity *(Greschler v Greschler,* 51 NY2d 368; *Rosenstiel v Rosenstiel,* 16 NY2d 64, *cert denied* 384 US 971). These duly recognized foreign judgments are immune from collateral attack in the New York courts by a party who properly appeared in the foreign divorce action, absent some showing of fraud or a violation of a strong public policy of the State *(Greschler v Greschler, supra; Rabbani v Rabbani,* 178 AD2d 637). Here, the appellant has failed to sustain her burden of proving that the Mexican decree was fraudulently obtained.

We find no merit to the appellant's contention that the denial of a requested adjournment was improper. "The decision to grant an adjournment is ordinarily committed to the sound discretion of the trial court" *(Matter of Palmentiere,* 171 AD2d 871, 872; *see, Matter of Anthony M.,* 63 NY2d 270, 283). Since the appellant had sufficient time to secure the necessary documents, it cannot be said that the denial of the adjournment constituted an improvident exercise of discretion.

We have examined the appellant's remaining contentions and find them to be without merit. Bracken, J. P., O'Brien, Copertino and Hart, JJ., concur.