■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHEN LIU, Appellant. [663 NYS2d 656] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered November 14, 1995, convicting him of kidnapping in the first degree (four counts), burglary in the first degree, robbery in the first degree (two counts), grand larceny in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's intervention and comments during the examination of a defense alibi witness did not deprive the defendant of a fair trial (see, People v Moulton, 43 NY2d 944; People v De Jesus, 42 NY2d 519; People v Harrison, 151 AD2d 778; People v Vargas, 150 AD2d 513).

During the trial, the defendant sought an adjournment in order to secure the attendance of a witness. However, in light of, among other factors, the collateral nature of the proposed witness's testimony and the prior unsuccessful efforts to secure his attendance, the court did not improvidently exercise its discretion in denying the request (see, People v Spears, 64 NY2d 698; People v Singleton, 41 NY2d 402; People v Foy, 32 NY2d 473; People v Rodriguez, 188 AD2d 494; People v Brown, 177 AD2d 585).

The sentence imposed was neither illegal nor excessive (see, Penal Law § 70.25 [2]; People v Laureano, 87 NY2d 640; People v Suitte, 90 AD2d 80). Ritter, J. P., Copertino, Florio and Luciano, JJ., concur.