■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VASSELL WATSON, Appellant. [670 NYS2d 335] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mastro, J.), rendered May 23, 1995, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its broad discretion in refusing to grant an adjournment of unspecified length so that the defendant could recall a witness to the stand (see generally, Matter of Anthony M., 63 NY2d 270; People v Singleton, 41 NY2d 402). The record demonstrates that the defendant sought to recall the witness to impeach the credibility of the complainant on a purely collateral matter (see, People v Inniss, 83 NY2d 653; People v Pavao, 59 NY2d 282; People v Chen Liu, 244 AD2d 352). The credibility of the complainant and the witness had been explored in great detail at trial, and the testimony of the witness was of limited probative value. Under these cir-

cumstances, the defendant was not entitled to either an adjournment or a mistrial.

The defendant failed to preserve for appellate review his current contention that the court should have given the jury a detailed, balanced charge with respect to the evaluation of flight as possible evidence of consciousness of guilt, since he never requested such an instruction in the Supreme Court (*see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818). Rosenblatt, J. P., Sullivan, Santucci and Goldstein, JJ., concur.