◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE GUAGENTI, Appellant. [695 NYS2d 109] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered October 7, 1996, convicting him of rape in the first degree, sodomy in the first degree, kidnapping in the second degree, sexual abuse in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the trial, the court denied the defendant's request for an adjournment to secure certain medical records of the complainant. In light of the collateral nature of the information sought, the court did not improvidently exercise its discretion in denying the defendant's request (*see, People v Watson,* 248 AD2d 737; *People v Chen Liu,* 244 AD2d 352; cf., *Matter of Lovick,* 201 AD2d 736).

There is no merit to the defendant's contention that, despite its limiting instruction, the court erred in allowing testimony as to his violent acts against his father. While evidence of uncharged crimes is not admissible to show the defendant's criminal disposition (*see, People v Allweiss,* 48 NY2d 40), such evidence is admissible to establish, as here, the complainant's state of mind, providing however, that the probative value of such evidence exceeds the potential for prejudice resulting to the defendant (*see, People v Chase,* 85 NY2d 493; *People v Alvino,* 71 NY2d 233, 242; *People v Molineux,* 168 NY 264).

The defendant's claim that his conviction for kidnapping in the second degree should be barred by the judicially-created merger doctrine, which precludes a conviction for kidnapping based on acts which are integrally related but subordinate to another, substantive crime is without merit (*see, People v Gonzalez,* 80 NY2d 146; *People v Salimi,* 159 AD2d 658).

The defendant's sentence is not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. Bracken, J. P., O'Brien, Thompson and Sullivan, JJ., concur.