■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK S. HALL, Appellant. [823 NYS2d 750]—Appeal from a judgment of the Supreme Court, Oneida County (Michael E. Daley, J.), rendered June 24, 2005. The judgment convicted defendant, upon his plea of guilty, of vehicular manslaughter in the second degree (two counts) and driving while intoxicated. It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed. Present—Kehoe, J.P., Martoche, Centra, Green and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAUN L. CAIN, Appellant. [823 NYS2d 714]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered July 7, 2004. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and criminal contempt in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of one count of burglary in the second degree (Penal Law § 140.25 [2]) and two counts of criminal contempt in the first degree (§ 215.51 [b] [iv], [v]). County Court properly exercised its discretion in limiting the examination of a defense witness concerning a collateral matter designed to impeach the complainant's credibility (*see People v Watson*, 248 AD2d 737 [1998], *lv denied* 92 NY2d 863 [1998]; *see generally Ingebretsen v Manha*, 218 AD2d 784 [1995]). The verdict is not against the weight of the evidence (*see People v Garcia*, 17 AD3d 283 [2005], *lv denied* 5 NY3d 789 [2005]), and the sentence is not unduly harsh or severe. Present—Kehoe, J.P., Martoche, Centra, Green and Pine, JJ.