■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL GUZMAN, Appellant. [829 NYS2d 703]—

Appeal by the defendant from a resentence of the County Court, Suffolk County (Gazzillo, J.), imposed February 8, 2006, upon his conviction of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the second degree, upon his plea of guilty.

Ordered that the resentence is affirmed.

The defendant appeals from a resentence upon his conviction which followed his plea of guilty to criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the second degree. The defendant pleaded guilty in exchange for a promised sentence of three years to life imprisonment on the conviction of criminal sale of a controlled substance in the second degree and seven years to life imprisonment on the conviction of criminal possession of a controlled substance in the second degree. The sentences were to run consecutively, as agreed at the time of the plea.

The defendant thereafter moved for resentencing under the provisions of the 2005 extension of the Drug Law Reform Act (L 2005, ch 643, § 1) (hereinafter DLRA-2). The County Court held a hearing after finding the defendant met the relevant eligibility requirements under DLRA-2. After considering facts and circumstances relevant to the imposition of a new sentence, including the defendant's institutional disciplinary record as well as his expression of remorse, the County Court indicated that it would vacate the portion of the sentence imposing life imprisonment and substitute five year periods of post-release supervision on each conviction if the defendant did not withdraw his resentencing application. The defendant consulted with his attorney who, not only declined to withdraw his application, but explicitly accepted the court's resentencing offer on the defendant's behalf.

While DRLA-2 permits the defendant to appeal the resentencing as excessive even after declining the opportunity to withdraw the resentencing application (*see* L 2005, ch 643, § 1) the defendant here expressly accepted the court's resentencing offer. As a result, he has no basis to complain that the resentencing was excessive (*see People v Domin*, 13 AD3d 391 [2004]; *People v Burgos*, 208 AD2d 641 [1994]; *People v Kazepis*, 101 AD2d 816 [1984]). Spolzino, J.P., Ritter, Covello and Balkin, JJ., concur.