THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT C. PECK, Appellant. [847 NYS2d 734]—

Mercure, J.P. Appeal from a decision of the County Court of Saratoga County (Scarano, J.), entered February 1, 2006, which issued a proposed resentence of defendant following his conviction of the crime of criminal sale of a controlled substance in the second degree.

In 2004, defendant pleaded guilty to the crime of criminal sale of a controlled substance in the second degree, in full satis-

---

faction of an 11-count indictment. In accordance with the plea agreement, defendant was sentenced to a prison term of $4^{1}/_{2}$ years to life. Defendant subsequently applied for resentencing pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643). Following a hearing, County Court found that defendant was eligible for resentencing and was prepared to immediately resentence defendant when he objected, stating that he had a right to appeal the proposed resentence. County Court then adjourned the hearing without issuing an order concerning resentencing, prompting this appeal by defendant.

Pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643, § 1), when a court proposes a determinate sentence of imprisonment, the resentence proposal must be issued in an order, including "written findings of fact and the reasons for such order." Unless the defendant either withdraws the application for resentencing or appeals from the court order, the court will subsequently impose the new sentence (L 2005, ch 643, § 1). Here, County Court failed to issue an order delineating the proposed determinate sentence—including written findings of fact and the reasons supporting the order—from which defendant could appeal. Accordingly, this matter must be remitted for compliance with the controlling statute (*see generally People v Hoppe*, 1 AD3d 712, 713 [2003]).

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the appeal is dismissed, and matter remitted to the County Court of Saratoga County for further proceedings not inconsistent with this Court's decision.