■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. LOVE, Appellant. [849 NYS2d 289]—

Appeal by the defendant from an order of the County Court, Suffolk County (Gazzillo, J.), dated June 1, 2006, which, after a hearing, inter alia, specified and informed him that the court would impose a determinate prison term of 10 years and a period of post-release supervision of five years in the event of a resentence pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643), and then vacated the original sentence and imposed the resentence.

Ordered that the order is modified, on the law, by deleting the fifteenth and sixteenth paragraphs thereof; as so modified, the order is affirmed, the resentence imposed on June 1, 2006 is vacated, and the matter is remitted to the County Court, Suffolk County, for further proceedings in accordance herewith.

In June 2003 the defendant was convicted of criminal possession of a controlled substance in the second degree, a class A-II felony, upon his plea of guilty, and in December 2004, he was sentenced, as a second felony offender, to an indeterminate term of imprisonment of 10 years to life.

The defendant subsequently moved to be resentenced pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643) (hereinafter the 2005 DLRA). On June 1, 2006 the County Court conducted a hearing, as required by the 2005 DLRA, and declared its intention to resentence the defendant to a determinate term of imprisonment of 10 years, with a five-year period of post-release supervision. The court then asked defense counsel: "What does [the defendant] want to do—" The defendant personally responded: "I will take it. I will appeal it." Defense counsel then stated: "All right, he will accept that, Your Honor." The court responded: "All right, done."

On the same day, the court issued a written order, setting forth its findings of fact and the reasons underlying its resentencing determination. In addition, the order purported to impose the resentence proposed by the court, and then stated that, "whereas the defendant has, in [open court], already been re-sentenced as set forth above, this written decision confirms said proceeding."

Upon determining that the defendant is eligible for resentencing under the 2005 DLRA, the court, unless it finds that

"substantial justice dictates that the application should be denied" (L 2005, ch 643, § 1), must "specify and inform" the defendant of the sentence it proposes to impose under the new sentencing structure, and must "enter an order to that effect" (id.). This initial DLRA order is appealable as of right, in accordance with the applicable provisions of the criminal procedure law (id.). The statute provides that "[t]he court shall notify [the defendant] that, unless he or she withdraws the application or appeals from [the initial DLRA] order, the court will enter an order vacating the sentence originally imposed" and imposing the proposed resentence (id.). If the defendant appeals from the initial DLRA order, the matter is to be remitted to the sentencing court following the appeal, in order to afford the defendant another opportunity to withdraw the resentencing application "before any resentence is imposed" (id.). If the defendant does not withdraw the application or appeal from the initial DLRA order, the court issues a final DLRA order imposing the resentence, which is also appealable as of right (id.).

In this case, the County Court, after announcing the proposed resentence, failed to advise the defendant of his right to withdraw his application or appeal from the initial DLRA order. Instead, the court immediately proceeded to resentence the defendant. This was error (cf. People v Newton, — AD3d — [2d Dept, Dec. 18, 2007]). In order to safeguard a defendant's statutory right to obtain appellate review of the proposed resentence before making the ultimate decision as to whether to accept it, the sentencing court must afford the defendant the opportunity to appeal from the initial DLRA order. If the defendant takes such an appeal, the resentencing must await the disposition of that appeal. Accordingly, the resentence in this case, having been imposed prematurely, must be vacated, and the order dated June 1, 2006, must be modified by deleting the provisions thereof purporting to vacate the original sentence and impose the resentence and purporting to confirm the imposition of the resentence in open court.

Contrary to the People's contention that the issue raised on this appeal is not preserved for appellate review, a claim that a sentence is unduly harsh and excessive is reviewable by this Court in the exercise of its interest of justice jurisdiction (see People v Lopez, 6 NY3d 248 [2006]), regardless of whether any protest was registered before the sentencing court (see CPL 470.15 [6] [b]). Moreover, in the context of resentencing under the 2005 DLRA, statements like those made by the defendant and his counsel in this case—"I will take it" and "he will accept that"—should not be interpreted as expressing consent to the

proposed resentence or a waiver of the right to challenge it on appeal. Rather, such statements merely indicate that the defendant is not withdrawing his resentencing application, i.e., that he is not rejecting the court's proposal and electing to keep the original sentence. Thus, such statements, unlike a defendant's assent to a particular sentence in the course of a plea negotiation, do not provide a basis for concluding that the defendant may not now complain that the sentence is excessive. To the extent that the decisions in *People v Guzman* (37 AD3d 615 [2007]) and *People v Rosario* (42 AD3d 472 [2007]) may be read as supporting a contrary view, they should no longer be followed.

Turning to the merits of the defendant's appeal, we find that the resentence proposed by the County Court is not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). The County Court providently exercised its discretion in determining that it would resentence the defendant to a 10-year term of imprisonment and a five-year period of post-release supervision.

Pursuant to the 2005 DLRA, we remit this matter to the County Court, Suffolk County, to afford the defendant an opportunity to withdraw his application for resentencing before any resentence is imposed. Schmidt, J.P., Spolzino, Skelos, Lifson and McCarthy, JJ., concur.