■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LOYD, Appellant. [861 NYS2d 176]—

Mercure, J.P. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered January 31, 2007, which resentenced defendant following his conviction of two counts of the crime of criminal sale of a controlled substance in the second degree.

Defendant pleaded guilty to two counts of criminal sale of a controlled substance in the second degree, in full satisfaction of two pending indictments, with the understanding that he would receive a maximum term of imprisonment of 10 years to life. County Court thereafter sentenced defendant to an aggregate term of seven years to life. Following an unsuccessful appeal (28 AD3d 872 [2006], *lv denied* 7 NY3d 758 [2006]) and various postconviction motions, County Court granted defendant's application for resentencing pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643, § 1), and scheduled a resentencing hearing. At the conclusion thereof, County Court resentenced defendant to determinate prison terms of five years on each count, to run consecutively, with five years of postrelease supervision. Defendant appeals and we now modify, by vacating the sentence imposed.

Our analysis starts by recognizing that County Court failed to follow the proper procedures when resentencing defendant pursuant to the Drug Law Reform Act of 2005. Although defendant failed to preserve this argument for appellate review, we conclude that modification in the interest of justice is warranted (*see* CPL 470.15 [1]). Once it is determined that a defendant is eligible to be resentenced pursuant to the Drug Law Reform Act of 2005, the sentencing court must "specify and inform such person of the term of a determinate sentence of imprisonment it would impose upon such conviction . . . and shall enter an order to that effect" (L 2005, ch 643, § 1; *see People v Love*, 46 AD3d 919, 920-921 [2007], *lv denied* 10 NY3d 842 [2008]). The court must then notify the defendant that unless he or she either withdraws the application to be resentenced or appeals from the order, the court will vacate the previous sentence and impose the determinate sentence (*see* L 2005, ch 643, § 1; *People v Love*, 46 AD3d at 921).

Here, County Court proceeded to resentence defendant without issuing an order specifying the determinate sentence that would be imposed upon resentencing and without ensuring that defendant was aware of his right to withdraw his resentencing application or appeal the resentence order (*cf. People v Bennett*, 31 AD3d 298, 299 [2006], *lv denied* 7 NY3d 846 [2006]). Inasmuch as the new sentence is not "a much more favorable sentence than the one originally imposed" (*People v Paniagua*, 45 AD3d 98, 102 [2007], *lv denied* 9 NY3d 992 [2007]), we vacate the resentence and remit to give defendant an opportunity to make an informed decision regarding whether to withdraw his resentence application or appeal the resentence order (*see People v Love*, 46 AD3d at 921).

Defendant's remaining arguments are rendered academic by our decision.

Spain, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.