■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY STRUSS, Appellant. [912 NYS2d 636]—

Appeal by the defendant from an order of the County Court, Dutchess County (Dolan, J.), dated October 22, 2009, which, after a hearing, denied his motion for resentencing pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643), on his conviction of criminal possession of a controlled substance in the second degree, which sentence was originally imposed, upon a jury verdict, on January 17, 2003.

Ordered that the order is reversed, on the law, and the matter is remitted to the County Court, Dutchess County, for further proceedings on the defendant's motion consistent herewith.

On January 17, 2003, the defendant was convicted of the class A-II felony of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]) and the class B

felony of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). For each count, he received an indeterminate sentence, the two sentences to run concurrently. The defendant subsequently moved for resentencing pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643, § 1 [hereinafter the 2005 DLRA]), which retroactively extended the revised sentencing provisions of the Drug Law Reform Act of 2004 (L 2004, ch 738) to certain qualified inmates who had previously been convicted of class A-II felonies.

On June 6, 2006, during a hearing on the resentencing motion, the County Court, having reviewed the parties' submissions and determined that the defendant met the threshold eligibility requirements under the 2005 DLRA, informed the defendant of the determinate term of imprisonment it would impose, upon resentencing, for the class A-II felony. The defendant stated, however, that he believed his sentence for the class B felony was "illegal," and requested a two-week adjournment in order to further consult with his attorney and, if warranted, to move for resentencing with respect to that conviction. The County Court denied the request and asked the defendant how he wished to proceed. The defendant stated that he was "not agreeing to nothing" unless the County Court granted the adjournment, whereupon the County Court denied his motion for resentencing on the class A-II felony.

Contrary to the defendant's contention on appeal, the County Court did not improvidently exercise its discretion in denying his request for an adjournment. "The determination whether to grant an adjournment is committed to the sound discretion of the . . . court," and "absent a showing of prejudice, the court's denial of a request for an adjournment will not be disturbed" (*People v McRae*, 62 AD3d 723, 724 [2009]; *see People v Spears*, 64 NY2d 698, 699-700 [1984]). Here, contrary to the defendant's contention, he was afforded a meaningful opportunity to consult with his attorney during the proceeding and, thus, the denial of his request for an adjournment did not impinge upon a fundamental right (*cf. People v Spears*, 64 NY2d at 700). The County Court properly explained to the defendant during the proceeding that his sentence, as a second felony offender, to an indeterminate term of 8 to 16 years upon his conviction of the class B felony, fell within the lawful sentencing range (*see* Penal Law § 70.06 [3] [b]; [4] [b]). Moreover, at the time of the defendant's motion, neither the 2005 DLRA nor any other statute authorized the County Court to resentence the defendant for his conviction of the class B felony (*see People v Subgidio*, 56 AD3d 496, 497 [2008]). Therefore, the County Court did not improvi-

dently exercise its discretion in denying the defendant's request for an adjournment to make a motion which was then without merit (*see People v Guagenti*, 264 AD2d 427 [1999]; *People v Watson*, 248 AD2d 737 [1998]).

Upon properly denying the requested adjournment, however, the County Court was without authority to deny the defendant's motion for resentencing on the class A-II felony on this ground. Where, as here, the defendant is eligible for resentencing, a motion for resentencing "should be granted unless substantial justice dictates that [it] should be denied" (*People v Braithwaite*, 62 AD3d 1019, 1021 [2009] [internal quotation marks omitted]; *see People v Beasley*, 47 AD3d 639, 641 [2008]). The County Court, in pronouncing the determinate term it would impose upon resentencing, in effect, made a determination that substantial justice did not dictate denial of the motion. Thereafter, the County Court was required to follow the procedure set forth in the 2005 DLRA: "Upon determining that the defendant is eligible for resentencing under the 2005 DLRA, the court, unless it finds that 'substantial justice dictates that the application should be denied' (L 2005, ch 643, § 1), must 'specify and inform' the defendant of the sentence it proposes to impose under the new sentencing structure, and must 'enter an order to that effect' (*id.*). This initial DLRA order is appealable as of right, in accordance with the applicable provisions of the criminal procedure law (*id.*). The statute provides that '[t]he court shall notify [the defendant] that, unless he or she withdraws the application or appeals from [the initial DLRA] order, the court will enter an order vacating the sentence originally imposed' and imposing the proposed resentence (*id.*). If the defendant appeals from the initial DLRA order, the matter is to be remitted to the sentencing court following the appeal, in order to afford the defendant another opportunity to withdraw the resentencing application 'before any resentence is imposed' (*id.*). If the defendant does not withdraw the application or appeal from the initial DLRA order, the court issues a final DLRA order imposing the resentence, which is also appealable as of right (*id.*)" (*People v Love*, 46 AD3d 919, 920-921 [2007]).

In this case, the County Court should have entered the initial DLRA order specifying the determinate sentence it would impose, and should have advised the defendant in accordance with the procedure set forth in the 2005 DLRA. Instead, the County Court improperly denied the motion. Accordingly, we remit the matter to the County Court, Dutchess County, to enter the initial DLRA order with the proposed resentence on the class A-II felony, and to inform the defendant that, unless he

withdraws his motion or appeals from the initial DLRA order, the County Court will enter an order vacating the sentence originally imposed and imposing the proposed resentence (*id.*). Prudenti, P.J., Angiolillo, Belen and Sgroi, JJ., concur.