■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL HOLLIMAN, Appellant. [925 NYS2d 719]—

Kavanagh, J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered June 30, 2010, which resentenced defendant following his conviction of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

In 2001, defendant was convicted of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts). He was thereafter sentenced, as a second felony offender, to an aggregate prison term of 25 to 50 years. Upon appeal, this Court affirmed (*People v Holliman*, 12 AD3d 773 [2004], *lvs denied* 4 NY3d 764, 831 [2005]). In 2009, defendant applied for resentencing pursuant to the Drug Law Reform Act of 2009 (L 2009, ch 56, as codified in CPL 440.46). Following a hearing, County Court vacated the 2001 sentence and resentenced defendant, as a second felony offender, to two prison terms of 10 years, to be followed by two years of postrelease supervision, with the sentences to run concurrently. Defendant now appeals.

We agree with defendant that County Court failed to follow the proper procedures when resentencing him pursuant to CPL 440.46 (*see* CPL 440.46 [3] [incorporating by reference Drug Law Reform Act of 2004, L 2004, ch 738, § 23]). Section 23 of

the Drug Reform Law Act of 2004 provides, in pertinent part, that once it is determined that a defendant is eligible for resentencing, the court shall "specify and inform such person of the term of a determinate sentence of imprisonment it would impose . . . in the event of a resentence and shall enter an order to that effect" (L 2004, ch 738, § 23). The order must contain written findings of fact and the reasons for the order (*see* L 2004, ch 738, § 23). The court must then notify the defendant that, unless he or she withdraws the application for resentencing or appeals from the order, the sentence originally imposed will be vacated and the proposed resentence will be imposed (*see* L 2004, ch 738, § 23; *People v Loyd*, 53 AD3d 679, 680 [2008]; *People v Love*, 46 AD3d 919, 921 [2007], *lv denied* 10 NY3d 842 [2008]). As relevant here, an appeal may be taken from this order on the ground that the proposed resentence is harsh and excessive (*see* L 2004, ch 738, § 23). If the defendant appeals from the order, the matter is to be remitted to the sentencing court following the appeal to provide the defendant with another opportunity to withdraw his or her application for resentencing (*see* L 2004, ch 738, § 23; *People v Love*, 46 AD3d at 921). Here, County Court resentenced defendant without issuing an order specifying the determinate sentence that would be imposed upon resentencing, and did not inform defendant that he had a right to withdraw his application or appeal the resentence order. Consequently, the resentence must be vacated and the matter remitted (*see People v Loyd*, 53 AD3d at 680).

Spain, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the resentence imposed; matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.