■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEMEL ANDERSON, Appellant. [925 NYS2d 648]—

Appeal by the defendant from a resentence of the County Court, Rockland County (Bartlett, J.), imposed May 18, 2006, pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643), upon his conviction of criminal possession of a controlled substance in the second degree, upon his plea of guilty, which sentence was originally imposed on November 4, 2004.

Ordered that the resentence is reversed, on the law, on the facts, and as a matter of discretion in the interest of justice, and the matter is remitted to the County Court, Rockland County, for further proceedings in accordance herewith.

In September 2004, the defendant pleaded guilty to criminal possession of a controlled substance in the second degree, a class A-II felony. In November 2004, the defendant was sentenced, as a second felony drug offender, to an indeterminate term of imprisonment of six years to life. The defendant subsequently moved to be resentenced pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643) (hereinafter the 2005 DLRA). In response, the People, inter alia, recommended that the defendant be resentenced to a determinate term of imprison-ment of eight years with five years of postrelease supervision. On May 18, 2006, the County Court conducted a hearing and declared its intention to resentence the defendant to a determinate term of imprisonment of 10 years with five years of post-release supervision. The County Court advised the defendant that he had the right to withdraw his application for resentencing before the proposed resentence was imposed. After consulting with his attorney, the defendant accepted the proposed resentence. The County Court then imposed the resentence.

"Upon determining that the defendant is eligible for resentencing under the 2005 DLRA, the court, unless it finds that 'substantial justice dictates that the application should be denied' (L 2005, ch 643, § 1), must 'specify and inform' the defendant of the sentence it proposes to impose under the new sentencing structure, and must 'enter an order to that effect' (id.). This initial DLRA order is appealable as of right, in accordance with the applicable provisions of the criminal procedure law (id.). The statute provides that '[t]he court shall notify [the defendant] that, unless he or she withdraws the application or appeals from [the initial DLRA] order, the court will enter an order vacating the sentence originally imposed' and imposing the proposed resentence (id.). If the defendant appeals from the initial DLRA order and it is affirmed, the matter is to be remitted to the sentencing court following the appeal, in order to afford the defendant another opportunity to withdraw the resentencing application 'before any resentence is imposed' (id.). If the defendant does not withdraw the application or appeal from the initial DLRA order, the court issues a final DLRA order imposing the resentence, which is also appealable as of right (id.)'' (*People v Love*, 46 AD3d 919, 920-921 [2007]; *see People v Struss*, 79 AD3d 773, 775 [2010]).

In this case, the County Court should have entered the initial

DLRA order specifying the determinate sentence it would impose prior to imposing the resentence, and should have advised the defendant of his right to appeal from the initial DLRA order in accordance with the procedure set forth in the 2005 DLRA. Instead, after the defendant declined to withdraw his application, the County Court erred when it immediately proceeded to resentence the defendant.

We further find that the County Court's proposed resentence was excessive (*see generally People v Liddell*, 189 AD2d 896 [1993]). Under the circumstances of this case, we find that the People's recommended resentence, namely, a determinate term of imprisonment of eight years with five years of post release supervision, is appropriate.

In light of this determination, we remit the matter to the County Court, Rockland County, to enter the initial DLRA order specifying a proposed resentence, consisting of a determinate term of imprisonment of eight years with five years of post-release supervision, and informing the defendant that, unless he withdraws his motion or appeals from the initial DLRA order, the County Court will enter an order vacating the sentence originally imposed and imposing the proposed resentence (*see People v Struss*, 79 AD3d at 775-776). Skelos, J.P., Dickerson, Hall, Austin and Miller, JJ., concur.