Respondent's application is granted and he is ordered reinstated, effective immediately.

Mercure, J.P., Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

◼ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; OYETUNJI A. TAIWO, Respondent. [924 NYS2d 856]—

Per Curiam. Respondent, who was admitted to practice by this Court in 2000, was suspended by this Court's order dated September 24, 2009 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (*Matter of Attorneys in Violation of Judiciary Law § 468-a*, 65 AD3d 1447 [2009]).

Respondent now requests reinstatement on the ground that he has complied with the attorney registration requirements of Judiciary Law § 468-a and the rules of the Chief Administrator of the Courts (*see* 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Mercure, J.P., Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

(June 23, 2011)

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO WILLIAMS, Appellant. [927 NYS2d 398]—

Egan Jr., J. Appeal from a judgment of the County Court of Columbia County (Nichols, J.), entered February 1, 2010, which resentenced defendant following his conviction of the crime of criminal sale of a controlled substance in the third degree (three counts).

In 2000, defendant pleaded guilty to three counts of criminal

sale of a controlled substance in the third degree in satisfaction of a six-count indictment and was sentenced in absentia as a second felony offender to a prison term of 12½ to 25 years. Defendant subsequently applied for resentencing pursuant to the Drug Law Reform Act of 2009 (*see* L 2009, ch 56). Upon finding that defendant was eligible for resentencing, County Court conducted a hearing, at the conclusion of which the court indicated that it was prepared to resentence defendant to 12 years in prison followed by three years of postrelease supervision. Defendant asserted that the Drug Law Reform Act required the court to issue an order indicating the sentence it would impose and notifying defendant of his right to withdraw the application or appeal the order. County Court responded that defendant should submit the order and acknowledged that he could appeal or withdraw the application if he wished. County Court thereafter issued an order resentencing defendant to 12 years in prison followed by three years of postrelease supervision.

The Drug Law Reform Act requires that, upon finding a defendant eligible for resentencing, the court issue a written interlocutory order informing the defendant of the term of imprisonment it intends to impose and that, unless he or she withdraws the resentencing application or appeals from the interlocutory order, the court will vacate the original sentence and impose the proposed resentence (*see* L 2004, ch 738, § 23). The interlocutory order must also set forth findings of fact and the reasons underlying the court's resentencing determination (*see* L 2004, ch 738, § 23). County Court failed to issue such an order in this case and, although it is clear that defendant was aware of his procedural rights, the court did not provide him an opportunity to withdraw the application or appeal from the requisite interlocutory order before resentencing him. Accordingly, this matter must be remitted for compliance with the procedural provisions of the controlling statute (*see People v Loyd*, 53 AD3d 679, 680 [2008]; *People v Peck*, 46 AD3d 1098, 1099 [2007]).

Mercure, J.P., Spain, Kavanagh and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Columbia County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.