■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN C. CIVITELLO, Appellant. [932 NYS2d 382]—

Malone Jr., J.

In 2000, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree in satisfaction of a two-count indictment. As a result, he was sentenced to a prison term of 8 to 16 years. Thereafter, defendant applied for resentencing pursuant to the Drug Law Reform Act of 2009 (L 2009, ch 56, as codified in CPL 440.46). County Court determined that defendant was eligible for relief under that statute and ordered a hearing. Following that hearing, the court denied the application orally from the bench. This appeal by defendant followed.

Notably, the Drug Law Reform Act specifically provides that "a defendant [may] appeal as of right 'from an *order* denying resentencing' " (*People v Buckery*, 84 AD3d 1588, 1589 [2011], quoting L 2004, ch 738, § 23). The Drug Law Reform Act further provides that "[a]ny order issued by a court . . . must include written findings of fact and the reasons for such order" (L 2004, ch 738, § 23). Inasmuch as there is no dispute herein that County Court failed to reduce its bench decision to the required written order, this Court lacks jurisdiction to consider defendant's appeal and the matter must be remitted to County Court for issuance of such order (*see People v Buckery*, 84 AD3d at 1589; *People v Peck*, 46 AD3d 1098, 1099 [2007]; *see also People v Gutierrez*, 51 AD3d 536 [2008]).

Spain, J.P., Rose, Stein and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, and matter remitted to the County Court of Montgomery County for further proceedings not inconsistent with this Court's decision.