THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BONDS, Appellant. [941 NYS2d 811]—

Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered October 19, 2010, which resentenced defendant following his conviction of the crime of criminal sale of a controlled substance in the third degree.

In 2004, defendant was convicted of criminal possession of a weapon in the third degree and criminal sale of a controlled substance in the third degree. He was sentenced, respectively, to consecutive terms of imprisonment of 3 to 6 years and 4½ to 9 years. Following the passage of the Drug Law Reform Act of 2009 (L 2009, ch 56, as codified in CPL 440.46), defendant applied to be resentenced. At the conclusion of a hearing on his application, County Court vacated the sentence previously imposed for his conviction of criminal sale of a controlled substance in the third degree and resentenced defendant to five years in prison, to be followed by three years of postrelease supervision. Defendant appeals.

Because County Court failed to follow the procedures specifi-

cally set forth in the statute prior to imposing defendant's new sentence, we must reverse. The Drug Reform Law Act provides that once a defendant is determined to be eligible for resentencing, the court must notify the defendant of the new sentence that it will impose and enter an order, which includes written findings of fact setting forth its reasons for the proposed sentence (*see* L 2004, ch 738, § 23). A defendant must also be notified that the original sentence will be vacated and the new sentence imposed, unless a motion is made by the defendant to withdraw the application to be resentenced or an appeal is taken from the court's order setting forth the terms, as well as the reasons for the new sentence (*see* L 2004, ch 738, § 23; *People v Holliman*, 85 AD3d 1397, 1398 [2011]; *People v Williams*, 85 AD3d 1446, 1447 [2011]; *People v Loyd*, 53 AD3d 679, 680 [2008]; *People v Love*, 46 AD3d 919, 921 [2007], *lv denied* 10 NY3d 842 [2008]). Here, County Court resentenced defendant without providing him with a written order—or, more importantly, an opportunity to withdraw his application to be resentenced after being informed of the court's proposed new sentence. Therefore, given the objections that defendant has raised in this appeal regarding the new sentence, it must be vacated and the matter remitted for further proceedings (*see People v Holliman*, 85 AD3d at 1398; *People v Williams*, 85 AD3d at 1447).

Peters, P.J., Mercure, Rose, Kavanagh and Stein, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the resentence imposed; matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.