Peters, PJ.
In 1999, defendant was convicted of two counts of criminal possession of a controlled substance in the third degree and conspiracy in the fourth degree and was sentenced to 12V2 to 25 years in prison on each of the drug charges and 2 to 4 years on the conspiracy charge, all to run concurrently. A decade later, defendant moved to be resentenced on the drug charges pursu *1031 ant to the Drug Law Reform Act of 2009 (L 2009, ch 56, as codified in CPL 440.46). After a hearing, County Court issued an oral decision from the bench denying the application. Defendant appeals.
The Drug Law Reform Act provides that an appeal may be taken as of right “from an order denying resentencing” (L 2004, ch 738, § 23 [emphasis added]). Notably, any order issued “must include written findings of fact and the reasons for such order” (L 2004, ch 738, § 23). As County Court’s bench decision was not reduced to the required written order, this Court lacks jurisdiction to entertain defendant’s appeal and the matter must be remitted to County Court for issuance of such an order (see People v Walker-Llanos, 92 AD3d 974, 974 [2012]; People v Civitello, 89 AD3d 1244, 1244 [2011]; People v Buckery, 84 AD3d 1588, 1589 [2011]; People v Peck, 46 AD3d 1098, 1099 [2007]).
The Court of Appeals’ recent decision in People v Elmer (19 NY3d 501 [2012]) does not require a contrary result. There, the Court, analyzing two particular provisions of the CPL, held that “an appeal does lie from an oral order of a criminal court that finally disposes of [a] pretrial matter” {id. at 505 [emphasis added]). For this reason alone, Elmer has no application here. More importantly, unlike the two provisions of the CPL at issue in Elmer which, “significantly, permit appeals from an 'order’ without further restriction” {id. at 507 [emphasis added]), the Drug Law Reform Act specifically provides that any order issued thereunder must include “written findings of fact and the reasons for such order” (L 2004, ch 738, § 23 [emphasis added]).
Rose, Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, and matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court’s decision.