■ The People of the State of New York, Respondent, v Shawn Delayo, Appellant. [966 NYS2d 231]—

Lahtinen, J.P. Appeal from a decision of the County Court of Schenectady County (Drago, J.), dated April 12, 2011, which informed defendant of the term of a determinate sentence of

imprisonment it would impose in the event of a resentence pursuant to CPL 440.46.

Following his plea of guilty to two counts of criminal sale of a controlled substance in the third degree, defendant was sentenced to an aggregate prison term of 8 to 24 years, to be followed by one year of postrelease supervision. He was eligible for resentencing on one of those counts pursuant to CPL 440.46, and subsequently moved for that relief. County Court scheduled a hearing upon defendant's application but, prior to the commencement of the hearing, orally advised defendant that it would resentence him to a determinate prison term of nine years to be followed by postrelease supervision if he proceeded with his motion. Defendant elected to withdraw his motion, and now appeals.

Resentencing under CPL 440.46 incorporates the detailed procedures of the Drug Law Reform Act of 2004 (L 2004, ch 738, § 23; *see People v Holliman*, 85 AD3d 1397, 1397-1398 [2011]; *see also People v Anderson*, 85 AD3d 1043, 1044 [2011]; *People v Love*, 46 AD3d 919, 920-921 [2007], *lv denied* 10 NY3d 842 [2008]; Peter Preiser, 2010 Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 440.46, 2013 Pocket Part at 46). Those procedures require, as relevant here, that an order issued by the court informing a defendant of the sentence it will impose in the event of resentencing "must include *written* findings of fact and reasons for such order" (L 2004, ch 738, § 23 [emphasis added]). Defendant must also be notified that he or she has a right to appeal that written order of proposed resentencing as well as a right—which can be exercised after the appeal and upon remand—to be given an opportunity to withdraw the application for resentencing before any resentence is imposed (*see id.*; *People v Anderson*, 85 AD3d at 1044).

Here, the term of the proposed resentencing was given orally and no findings of fact or reasons were set forth. Defendant was not informed of his right to appeal and was not informed that he could still withdraw his motion even after such appeal. Instead, the record reflects that he faced a decision of accepting the orally stated proposed resentencing or withdrawing his motion. These procedures were not in compliance with the statute and, under the circumstances, substantially compromised statutory rights available to defendant.

Although withdrawing a motion ordinarily results in waiving issues related to the motion, we find unavailing the People's argument that such waiver should apply in this case. Withdrawing a motion is a specific option articulated in the statute that can be employed *after* a defendant has exercised various statu-

tory rights regarding his or her resentencing. This record fails to establish that defendant was aware of those various statutory rights or that he knowingly forfeited those rights.

Finally, we note that the decision from which the appeal was taken was an oral one, and the statute specifically requires a written order. The merits of the appeal are thus not properly before us (see *People v Barnett*, 99 AD3d 1030, 1031 [2012]; *People v Walker-Llanos*, 92 AD3d 974, 974 [2012]; cf. *People v Elmer*, 19 NY3d 501, 507-508 [2012]). Accordingly, we remit to County Court to comply with the specific procedures set forth in the statute regarding a motion for resentencing pursuant to CPL 440.46, including the issuance of a written order with findings of fact and the reasons for such order.

Stein, Spain and Garry, JJ., concur. Ordered that the appeal is dismissed, and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.