Garry, J.
Appeal from a judgment of the County Court of Washington County (Hall Jr., J.), rendered October 28, 2011, which resentenced defendant following his conviction of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).
In 2005, following a jury trial, defendant was found guilty of two counts of criminal sale of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the third degree and conspiracy. Defendant was thereafter sentenced to an aggregate prison term of 162/s to 50 years. Defendant subsequently applied for resentencing pursuant to the Drug Law Reform Act of 2009 (see L 2009, ch 56). At the conclusion of a hearing, County Court determined that defendant was eligible for resentencing and indicated that it intended to resentence defendant to an aggregate prison term of 18 years followed by two years of postrelease supervision. Upon the court’s inquiry as to whether defendant wished to proceed with resentencing or withdraw his application, defendant stated, “I’ll accept it and I appeal.” County Court proceeded *1289 to resentence defendant as indicated and defendant now appeals.
The Drug Law Reform Act establishes a specific procedural course that was not followed here. Upon finding a defendant eligible for resentencing, the court must issue a written interlocutory order informing the defendant of the term of imprisonment it intends to impose, setting forth findings of fact and the reasons underlying the proposed resentence, and advising the defendant that, unless he or she withdraws the application or appeals from the interlocutory order, the court will vacate the original sentence and impose the proposed resentence (see L 2004, ch 738, § 23). County Court’s failure to proceed in this manner deprived defendant of the opportunity to carefully consider his options, including the taking of an appeal from the interlocutory order. Accordingly, this matter must be remitted for compliance with the procedural provisions of the Drug Law Reform Act (see People v Bonds, 94 AD3d 1241, 1241-1242 [2012], lv denied 19 NY3d 957 [2012]; People v Loyd, 53 AD3d 679, 680 [2008]; People v Love, 46 AD3d 919, 920-922 [2007], lv denied 10 NY3d 842 [2008]).
Peters, EJ., Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, resentence vacated, and matter remitted to the County Court of Washington County for further proceedings not inconsistent with this Court’s decision.