■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE C. GARCIA, Appellant. [965 NYS2d 895]—

Appeals by the defendant from (1) a resentence of the County Court, Orange County (Freehill, J.), imposed May 6, 2010, pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738), upon his conviction of criminal possession of a controlled substance in the first degree under indictment No. 536/04, upon a jury verdict, which sentence was originally imposed April 14, 2005, and (2) a resentence of the same court, also imposed May 6, 2010, pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643), upon his convictions of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree (two counts), and criminal sale of a controlled substance in the third degree (two counts) under indictment No. 594/04, upon a jury verdict, which sentence also was originally imposed April 14, 2005.

Ordered that the resentences are reversed, on the law, and the matters are remitted to the County Court, Orange County, for further proceedings in accordance herewith.

As the People correctly concede, the County Court should have entered initial Drug Law Reform Act (hereinafter DLRA) orders specifying the determinate sentences it would impose prior to imposing the resentences, and should have advised the defendant of his right to appeal from the initial DLRA orders in accordance with the procedures set forth in the DLRA of 2004 and the DLRA of 2005 (*see People v Anderson*, 85 AD3d 1043 [2011]; *People v Struss*, 79 AD3d 773, 775 [2010]; *People v Love*, 46 AD3d 919, 920-921 [2007]). Accordingly, the resentences must be reversed, and the matters must be remitted to the County Court, Orange County, for entry of the initial DLRA orders specifying proposed resentences and informing the defendant that, unless he withdraws his motion or appeals from the initial DLRA orders, the County Court will enter orders vacating the sentences originally imposed and imposing the proposed resentences (*see People v Struss*, 79 AD3d at 775-776). Eng, P.J., Dillon, Dickerson and Chambers, JJ., concur.