*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    106851
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                      Respondent,

        v                                MEMORANDUM AND ORDER

ROBERT WARD,
                      Appellant.
_____

Calendar Date:  April 18, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Rose and Aarons, JJ.

_____

        James E. Long, Public Defender, Albany (Theresa M. Suozzi
of counsel), for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

_____

McCarthy, J.

        Appeal from a decision of the Supreme Court (Teresi, J.),
dated May 13, 2014 in Albany County, which denied defendant's
motion for resentencing pursuant to CPL 440.46.

        In March 1983, defendant was convicted of burglary in the
second degree, a violent felony (see Penal Law § 70.02 [1] [b]).
Thereafter, in January 1998, the record indicates that defendant
was convicted of attempted robbery in the second degree, a
violent felony (see Penal Law § 70.02 [1] [c]), and sentenced to
a prison term of five years.  In February 2004, defendant was
convicted of criminal sale of a controlled substance in the third
degree, a class B felony, and was sentenced to a prison term of
12½ to 25 years (People v Ward, 27 AD3d 776, 776 [2006], lv

denied 7 NY3d 764 [2006]). In January 2014, defendant moved to be resentenced on his 2004 conviction pursuant to the Drug Law Reform Act of 2009 (see L 2009, ch 56, as codified in CPL 440.46). Following a hearing, Supreme Court issued an oral decision from the bench denying the application, finding, based upon defendant's previous violent felony convictions, that he was statutorily ineligible for resentencing under the Drug Law Reform Act of 2009. Defendant now appeals.

"Appeals in criminal cases are strictly limited to those authorized by statute" (People v Bautista, 7 NY3d 838, 838-839, [2006]; see CPL 450.10, 450.15, 450.20; People v Buckery, 84 AD3d 1588, 1588 [2011]). "The Drug Law Reform Act provides that an appeal may be taken as of right 'from an order denying resentencing'" (People v Barnett, 99 AD3d 1030, 1031 [2012], quoting L 2004, ch 738, § 23). Here, however, the record contains no written order denying defendant's application for resentencing and setting forth Supreme Court's "written findings of fact and the reasons for such order" (L 2004, ch 738, § 23; see People v Allen, 106 AD3d 1340, 1340 [2013]). Accordingly, because Supreme Court's bench decision was not reduced to the required written order, this Court lacks jurisdiction to entertain defendant's appeal, and the matter must be remitted to Supreme Court for issuance of such an order (see People v Walker-Llanos, 92 AD3d 974, 974 [2012]; People v Civitello, 89 AD3d 1244, 1244 [2011]; People v Buckery, 84 AD3d at 1589; People v Peck, 46 AD3d 1098, 1099 [2007]).

Lahtinen, J.P., Garry, Rose and Aarons, JJ., concur.

ORDERED that the appeal is dismissed, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court