THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GARCIA, Appellant. [45 NYS3d 477]—

Appeal by the defendant from an order of the County Court, Orange County (Freehill, J.), dated September 30, 2013, which, after a hearing, upon remittitur from this Court, specified and informed him that the court would impose determinate terms of imprisonment of 17½ years to run consecutively to each other, followed by a five-year period of postrelease supervision, in the event of a resentence, in effect, pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738), on his conviction of criminal possession of a controlled substance in the first degree under indictment No. 04-536, upon a jury verdict, and on his conviction of criminal sale of a controlled substance in the first degree under indictment No. 04-594, upon a jury verdict, which sentences were originally imposed April 14, 2005.

Ordered that the order is reversed, on the law, and the matter is remitted to the County Court, Orange County, for further proceedings in accordance herewith.

The defendant was charged under two separate indictments with various drug offenses relating to a joint investigation by state and federal authorities into gang-related narcotics trafficking in the City of Newburgh. Under Orange County indictment No. 04-536, the defendant was convicted, after a jury trial, of criminal possession of a controlled substance in the first degree (a class A-I felony), and sentenced to an indeterminate term of 17½ years to life imprisonment. This Court affirmed the judgment of conviction (see *People v Garcia*, 57 AD3d 918 [2008]). Under Orange County indictment No. 04-594, the defendant was convicted of criminal sale of a controlled substance in the first degree (a class A-I felony), criminal sale of a controlled substance in the second degree (a class A-II

felony), criminal possession of a controlled substance in the second degree (a class A-II felony), and two counts of criminal sale of a controlled substance in the third degree (a class B felony). The defendant was sentenced to indeterminate terms of 17½ years to life imprisonment on the count of criminal sale of a controlled substance in the first degree, eight years to life imprisonment on the count of criminal sale of a controlled substance in the second degree, eight years to life imprisonment on the count of criminal possession of a controlled substance in the second degree, and 5 to 15 years imprisonment on each count of criminal sale of a controlled substance in the third degree. The sentence on the count of criminal sale of a controlled substance in the first degree was to run concurrently with the sentences on the remaining counts in indictment No. 04-594, and consecutively to the sentence under indictment No. 04-536. This Court affirmed the judgment of conviction (see People v Garcia, 66 AD3d 699 [2009]).

In March 2010, the defendant moved for resentencing pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738), the Drug Law Reform Act of 2005 (L 2005, ch 643), and the Drug Law Reform Act of 2009 (CPL 440.46) (hereinafter collectively the DLRA). The County Court resentenced the defendant, pronouncing resentences for each count of both indictments, but without complying with the procedures specified in the DLRA, requiring the entry of initial orders specifying the proposed resentences. Consequently, this Court reversed the resentences and remitted the matter to the County Court for the entry of the initial DLRA orders specifying proposed resentences and informing the defendant that, unless he withdrew his motion or appealed from the initial DLRA orders, the County Court would enter orders vacating the sentences originally imposed and impose the proposed resentences (see People v Garcia, 107 AD3d 738 [2013]).

By order dated September 30, 2013, the County Court specified and informed the defendant that "it is the Court's sentencing position that the defendant, upon resentence, should receive a determinate term of 17½ years plus 5 years post release supervision on each indictment to run consecutively." While this pronouncement apparently refers to the class A-I felonies in each indictment, the court failed to specify its sentencing position with respect to the convictions of the class A-II felonies and the class B felonies under indictment No. 04-594.

Accordingly, the order must be reversed, and we again remit the matter to the County Court, Orange County, for the entry

of initial DLRA orders for each indictment, specifying the proposed resentences for each count of each indictment and informing the defendant that, unless he withdraws his motion or appeals from the initial DLRA orders, the County Court will enter orders vacating the sentences originally imposed and imposing the proposed resentences (*see People v Struss*, 79 AD3d 773 [2010]).

The defendant's remaining contention need not be reached in light of our determination. Balkin, J.P., Dickerson, LaSalle and Connolly, JJ., concur.