■ In the Matter of DAVID DE JESUS, Petitioner, v LEON N. ARMER, as Judge of the Court of Claims Assigned to Supreme Court, Respondent.— Petition unanimously dismissed, without costs. Memorandum: Petitioner instituted this article 78 proceeding in the nature of mandamus to compel respondent to appoint a psychiatrist pursuant to section 722-c of the County Law. It is claimed that petitioner is an indigent person with a history of drug and alcohol abuse, that he was acting in a psychotic state induced by the use of these substances prior to the event for which he stands indicted, and that the assistance of expert psychiatric services is required to prepare his defense. Although petitioner was permitted to request that his mental condition under section 30.05 of the Penal Law (insanity defense) be encompassed in a court-ordered examination by two psychiatrists pursuant to CPL article 730 the request for authorization to retain a psychiatrist to assist in

a defense based upon section 15.25 of the Penal Law (intoxication) was denied. We are of the opinion that respondent's refusal to appoint a psychiatrist under the circumstances here may not be compelled in this proceeding. It is settled law that "The extraordinary remedy either of prohibition or mandamus lies only where there is a clear legal right" and "will not lie if there is available an adequate remedy at law, of which appeal is but one" *(Matter of State of New York v King,* 36 NY2d 56, 62). Since the propriety of respondent's denial of petitioner's application may be reviewed on appeal *(People v Hatterson,* 63 AD2d 736), the extraordinary remedy of mandamus does not lie *(Matter of State of New York v King, supra;* see *Matter of Jaffe v Scheinman,* 47 NY2d 188; *Matter of Steingut v Gold,* 42 NY2d 311). (Art 78.) Present—Simons, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ.