THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN ACEVEDO, Appellant. [876 NYS2d 159]—

Appeal by the defendant from a resentence of the County Court, Dutchess County (Hayes, J.), dated October 11, 2005, pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738, § 23), imposed after a hearing, the resentence being a determinate term of imprisonment of 15 years and postrelease supervision for a period of five years, upon his conviction of criminal possession of a controlled substance in the first degree, upon a jury verdict.

Ordered that the resentence is affirmed.

In 1997 the defendant was convicted of criminal possession of a controlled substance in the first degree, for which he received

an indeterminate sentence of 15 years to life imprisonment; criminal possession of a controlled substance in the third degree, for which he received an indeterminate sentence of 12½ to 25 years of imprisonment; criminal sale of a controlled substance in the third degree, for which he received an indeterminate sentence of 12½ to 25 years of imprisonment; and criminal possession of a weapon in the third degree (two counts), for which he received a determinate sentence of five years of imprisonment on each count. The sentences for the drug possession and sales convictions were imposed concurrently; the sentences for the weapons possession convictions were imposed concurrently with each other, but consecutively to the sentences for the drug possession and sales convictions. Thereafter, the judgments of conviction were affirmed on appeal (*see People v Acevedo*, 258 AD2d 140 [1999]).

In 2005 the defendant moved to be resentenced under the Drug Law Reform Act of 2004 (L 2004, ch 738, § 23). The defendant argued that he fit the criteria for a lesser sentence. He also argued that the resentencing court had the authority to impose any new sentence imposed on his drug possession conviction to run concurrently with the sentences imposed for the weapons possession convictions, and that the court should do so in his case. Although the County Court did grant the defendant's motion, and modified the sentence imposed for the conviction of criminal possession of a controlled substance in the first degree from an indeterminate prison term of 15 years to life to a determinate prison term of 15 years, it left undisturbed the original sentencing judge's direction that the sentences for the weapons possession convictions were to run consecutively to those imposed for the drug possession and sales convictions. On appeal, the defendant argues this was error. We disagree.

As this Court recently held in *People v Vaughan* (62 AD3d 122, 128 [2d Dept 2009]), "a court that resentences a defendant pursuant to the [Drug Law Reform Act of 2004] does not possess the authority, conferred by Penal Law § 70.25 (1), to determine whether the sentence is to be served concurrently or consecutively with respect to other sentences."

The defendant's remaining contentions are without merit. Skelos, J.P., Santucci, Carni and Eng, JJ., concur.