[927 NE2d 1062, 901 NYS2d 578]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN ACEVEDO, Appellant.

Argued March 22, 2010; decided April 29, 2010

APPEARANCES OF COUNSEL

*Law Offices of Mickey A. Steiman,* Hyde Park (*David L. Steinberg* of counsel), for appellant.

*William V. Grady, District Attorney,* Poughkeepsie (*Bridget Rahilly Steller* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

On November 7, 1997, County Court rendered judgment convicting defendant of criminal possession of a controlled substance in the first degree, an A-I drug felony, for which he received an indeterminate prison term of 15 years to life; criminal sale of a controlled substance in the third degree, for which he received an indeterminate prison term of $12^1/2$ to 25 years;

criminal possession of a controlled substance in the third degree, for which he received an indeterminate prison term of 12½ to 25 years; and criminal possession of a weapon in the third degree (two counts), for which he received a determinate prison term of five years on each count. The sentences for the drug possession and sale convictions were imposed to run concurrently. The weapon possession convictions were imposed to run concurrently with each other, but consecutively to the drug convictions. By order entered August 23, 1999, the convictions and sentences were affirmed by the Appellate Division (*People v Acevedo*, 258 AD2d 140 [2d Dept 1999]). A Judge of this Court denied defendant leave to appeal from this order (94 NY2d 819 [1999]).

In 2005, defendant moved before County Court to be resentenced pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738, § 23) (DLRA). Defendant argued (1) he was entitled to a reduction of his sentence for the A-I drug felony, and (2) the resentencing court should direct that the sentences imposed for the weapon possession convictions run concurrently to the A-I offense, rather than consecutively. On October 11, 2005, County Court, after a hearing, granted defendant's motion to the extent of reducing the sentence for the A-I drug conviction from an indeterminate prison term of 15 years to life to a determinate prison term of 15 years (and five years' postrelease supervision). However, the court declined to direct that the other sentences be served concurrently. That is, the court left undisturbed the original sentencing court's direction that the sentences for the weapon possession convictions run consecutively to those imposed for the drug convictions. By order entered April 7, 2009, the Appellate Division affirmed the resentence (61 AD3d 692 [2d Dept 2009]). A Judge of this Court granted defendant leave to appeal from this order (12 NY3d 912 [2009]).

At issue is whether the trial court had authority to modify the conditions of a sentence by changing its terms from consecutive to concurrent once it granted defendant's DLRA application for resentencing. Defendant argues that the court is so empowered pursuant to Penal Law § 70.25 (1), which reads as follows:

> "[W]hen multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of

imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and the undischarged term or terms in such manner as the court directs at the time of sentence."

Defendant further argues that the sentencing court, in adjusting the term of imprisonment pursuant to the DLRA, is authorized to change a consecutive sentence to concurrent, as in *Matter of Murray v Goord* (1 NY3d 29 [2003]), where we held that the sentencing discretion of Penal Law § 70.25 (1) devolves on the last judge in the sentencing chain.

Defendant's reliance on Penal Law § 70.25 (1) and *Murray v Goord* is misplaced. The purpose of the DLRA is to ameliorate the harsh sentences required by the original Rockefeller Drug Law. When a court imposes a reduced sentence under the amended statute it does not impose an "additional term of imprisonment" as contemplated by Penal Law § 70.25 (1). Nor is the DLRA proceeding used to modify the original term of resentence as occurred in *Murray v Goord*. The DLRA proceeding is meant to effect an alteration of the existing sentence as authorized by law. As such, "a court that resentences a defendant pursuant to the 2004 DLRA does not possess the authority, conferred by Penal Law § 70.25 (1), to determine whether the sentence is to be served concurrently or consecutively with respect to other sentences" (*People v Vaughan*, 62 AD3d 122, 128 [2d Dept 2009]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.