■ In the Matter of KEMET ALLAH, Formerly Known as BENJAMIN LOFTON, Appellant, v JAMES HENDRICKS, as Chief Clerk, Supreme and County Courts, Seventh Judicial District, Respondent, and MICHAEL C. GREEN, Monroe County District Attorney, Intervenor-Respondent. [901 NYS2d 445]—

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered June 23, 2009 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding in the nature of mandamus to compel respondent Chief Clerk, Supreme and County Courts, Seventh Judicial District to issue an amended sentencing commitment form and certificate of conviction (hereafter, commitment papers) ac-

curately indicating the new sentence imposed upon defendant's resentencing pursuant to the 2005 Drug Law Reform Act ([DLRA-2] L 2005, ch 643, § 1). We conclude that Supreme Court properly dismissed the petition. Petitioner was convicted of, inter alia, criminal sale of a controlled substance in the first degree (Penal Law § 220.43 [1]) based on one criminal transaction involving the sale of cocaine to an undercover officer, and he was convicted of, inter alia, robbery in the first degree (§ 160.15 [4]) based on a subsequent criminal transaction involving the same undercover officer (*People v Lofton*, 226 AD2d 1082 [1996], *lv denied* 88 NY2d 938 [1996], *lv denied upon reconsideration* 88 NY2d 1022 [1996]). The sentences originally imposed on the drug charges ran concurrently with each other and consecutively to the sentences imposed on the robbery charges. At the hearing conducted on defendant's application for resentencing on two of the drug charges pursuant to DLRA-2, County Court indicated that the new sentences imposed on those charges would run concurrently with each other, but it did not explicitly state whether they would continue to run consecutively to the sentences imposed on the robbery charges.

Petitioner contends that the commitment papers do not accurately reflect the new sentences imposed by the court inasmuch as they indicate that the new sentences are to run consecutively to the sentences imposed on the robbery charges. Even assuming, arguendo, that the court had the authority to order that the sentences imposed on the robbery charges run concurrently with the new sentences on two of the drug charges (*but see People v Acevedo*, 61 AD3d 692, 693 [2009], *lv granted* 12 NY3d 912 [2009]), we nevertheless conclude that the extraordinary remedy of mandamus does not lie because the issue whether the commitment papers accurately reflect the new sentences imposed could have been raised on petitioner's direct appeal (*see Matter of Veloz v Rothwax*, 65 NY2d 902, 904 [1985]; *Matter of De Jesus v Armer*, 74 AD2d 736 [1980]; *see e.g. People v Owens*, 51 AD3d 1369, 1372-1373 [2008], *lv denied* 11 NY3d 740 [2008]; *People v Lamphier*, 302 AD2d 864, 865 [2003], *lv denied* 99 NY2d 656 [2003]). Present—Centra, J.P., Peradotto, Lindley, Green and Gorski, JJ.