■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO FELICIANO, Appellant. [922 NYS2d 814]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Demarest, J.), entered June 25, 2010, which, after a hearing, specified and informed him that the court would impose a determinate term of imprisonment of 5½ years, with three years of postrelease supervision in the event of a resentence pursuant to CPL 440.46.

Ordered that the order is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in proposing a resentence of a determinate term of imprisonment of 5½ years, with three years of postrelease supervision (*see People v Tutt*, 82 AD3d 1273 [2011]; *People v Medina*, 81 AD3d 853 [2011]). In light of the defendant's extensive criminal history and his disciplinary history while incarcerated, a lesser resentence is not warranted (*see* CPL 440.46 [3]; *People v Overton*, 86 AD3d 4 [2011] [decided herewith]; *People v Tutt*, 82 AD3d 1273 [2011]; *People v Medina*, 81 AD3d 853 [2011]; *People v Almanzar*, 43 AD3d 825, 826 [2007]; *People v Suitte*, 90 AD2d 80 [1982]). Pursuant to the Drug Law Reform Act of 2009 (CPL 440.46), we remit this matter to the Supreme Court, Kings County, to afford the defendant an opportunity to withdraw his application for resentencing before any resentence is imposed (*see* CPL 440.46 [3]; L 2004, ch 738, § 23). Rivera, J.P., Skelos, Florio and Austin, JJ., concur.