THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRELL NORRIS, Appellant. [934 NYS2d 326]—

Contrary to the defendant's contention, the Drug Law Reform Act of 2009 (hereinafter the 2009 DLRA), codified in CPL 440.46, does not authorize the Supreme Court to alter the sentences for multiple felony drug convictions, originally imposed to run consecutively to each other, such that they run concurrently with each other (*see People v Acevedo*, 14 NY3d 828, 830-831 [2010]; *People v Vaughan*, 62 AD3d 122, 128-129 [2009]). Accordingly, the Supreme Court correctly determined that it had no authority to direct that the proposed resentencing, pursuant to the 2009 DLRA, of the three felony drug convictions, run concurrently with each other.

Further, the proposed resentence of a determinate term of imprisonment of seven years for each conviction of criminal sale of a controlled substance in the third degree, to be followed by a three-year period of postrelease supervision, was not excessive (*see People v Medina*, 81 AD3d 853, 854 [2011]; *People v Newton*, 48 AD3d 115, 120 [2007]; *People v Suitte*, 90 AD2d 80 [1982]). In light of the defendant's disciplinary history while incarcerated, which includes 22 disciplinary citations, his criminal history, and his significant role in the conspiracy to control an illegal narcotics trade in a Brooklyn public housing project, which led to the instant convictions, a further reduction of the defendant's sentence was not warranted (*see People v Feliciano*, 84 AD3d 1113 [2011]; *People v Medina*, 81 AD3d at 854; *People v Newton*, 48 AD3d at 120; *People v Suitte*, 90 AD2d 80 [1982]).

Pursuant to the 2009 DLRA, we remit this matter to the Supreme Court, Kings County, to afford the defendant an opportunity to withdraw his application for resentencing before any resentence is imposed (*see* CPL 440.46 [3]; L 2004, ch 738, § 23; *People v Overton*, 86 AD3d 4, 17 [2011]; *People v Williams*, 84 AD3d 1279, 1281 [2011]). Rivera, J.P., Leventhal, Belen and Roman, JJ., concur.