OPINION OF THE COURT
Rena K. Uviller, J.
The defendant moves for an order pursuant to the Criminal *695 Procedure Law to seal his 2002 conviction, by plea, for third-degree sale of a controlled substance. The statute provides that a defendant who has completed his sentence and has successfully completed a judicial diversion program “or another judicially sanctioned drug treatment program of similar duration, requirements and level of supervision” is eligible to have the conviction conditionally sealed. (CPL 160.58 [l].)[1] Whether sealing should be granted is within the discretion of the sentencing court after consideration of various factors set forth in the statute. (CPL 160.58 [3].)
Defendant was indicted for sale in the second degree. He asserts that at the time of the crime he was heavily addicted to cocaine and alcohol and was recruited by his supplier to sell drugs to an undercover police officer. Since he had no prior criminal record, the People agreed to a plea to the lesser charge with a sentence of 2 to 6 years’ imprisonment.
Defendant pleaded on December 11, 2002, and was sentenced accordingly. While incarcerated he enrolled in and participated in the six-month so-called shock incarceration program (Shock) at the Summit Correctional Facility. Upon completion of the incarceratory portion of the program on July 31, 2003, he was released on parole, participated in the six-month aftercare component of Shock and was discharged from parole on October 5, 2005.
Defendant asserts that his successful participation in and completion of Shock and its aftercare, as well as his unblemished history since that time, qualifies him for the relief he seeks; that his conviction record limits his ability to participate in and contribute fully to his community and deprives him of opportunities for self-improvement. Further, that in light of his positive history since his completion of the program, sealing his record would serve the statute’s purpose of according a second chance to those who have earned the right to restart their lives.
The People oppose the motion and maintain that defendant is ineligible to have his record sealed because his voluntary enrollment in Shock does not qualify either as a judicial diversion or judicially mandated drug treatment program as prescribed by Criminal Procedure Law § 216.00. Nor, they argue, does Shock amount to a “drug treatment program of similar duration, requirements and level of supervision” as a judicial diversion or drug treatment program. (CPL 160.58 [1].)
*696 The Shock Program
Shock is a military style boot camp program designed to “shock” offenders into law-abiding lives and away from criminal activity. (National Institute of Justice Program Focus, Shock Incarceration in New York: Focus on Treatment, at 2 [1994], appended to the instant motion.) The New York Shock program differs from similarly named programs in other states by virtue of its emphasis on alcohol and drug abuse treatment, a major component of which is required participation in Alcohol and Substance Abuse Treatment (ASAT). (Id. at 6.) ASAT, in turn, is a therapeutic substance abuse education and treatment program based on a 12-step recovery plan similar to Alcoholics Anonymous and Narcotics Anonymous. (Id.)
According to defense counsel’s uncontroverted assertion, the ASAT component of New York Shock requires participants to attend three to four sessions a week, each session lasting three hours. Approximately two weeks are spent on each of the 12 recovery steps. Defendant also engaged in regular individual sessions with a drug counselor. (Letter from defense counsel dated Dec. 21, 2011, appended to the instant motion.) The aftercare program included group counseling designed to identify relapse triggers and methods to avoid those triggers. (Id.)
Shock and its aftercare are similar in terms of duration and intensity of drug treatment provided by the Manhattan Treatment Court, participation in which is an authorized sentence of the Criminal Court of the City of New York. (CPL 216.00; 216.05.) The Manhattan Treatment Court offers several types of programs based on an individual defendant’s specific needs, with the number of hours, type and intensity of counseling varying from program to program. Residential treatment is not necessarily required. (NY City Criminal Court: Drug Court Initiative, Manhattan Treatment Court Frequently Asked Questions, www.nycourts.gov/courts/nyc/drug_treatment/mtc/ faqs.shtml.)
Although no statute expressly authorizes the Shock program as a sentence for the instant crime, recent amendments to the Rockefeller drug laws require the Department of Corrections and Community Supervision to admit specified defendants into the Shock program if a court orders it as part of a state prison sentence. (Penal Law § 60.04 [7].) These recent amendments reflect the Legislature’s intent to ameliorate the harsh consequences of felony drug convictions for deserving defendants. *697 (See CPL 440.46; People v Acevedo, 14 NY3d 828 [2010]; People v Milton, 86 AD3d 478 [2011].)[2]
Defendant’s Shock Participation and Subsequent History
Defendant asserts, without contradiction, that during his Shock participation he never failed a drug test or incurred any disciplinary penalties. After his successful completion of Shock aftercare he voluntarily attended Narcotics Anonymous, which reinforced what he had learned in the Shock program. Defendant has retained and still refers to the hundreds of pages of written materials from his Shock sessions. (Defense counsel’s letter, supra.)
Since his discharge from parole defendant received an M.B.A. degree from a well respected university, only the second convicted felon to do so from that university, and has been employed by various real estate companies. His felony conviction, however, initially resulted in a denial of a real estate license by the state in which he now resides, thereby depriving him of an employment opportunity with a large real estate entity. He succeeded in an appeal of the denial and has since started his own successful real estate business. (Id.) Defendant has volunteered his services to an organization that provides health and home care services to disabled and chronically ill adults, many of whom are leaving correctional facilities with chemical dependency issues. (Id.) Lastly, defendant has led a law-abiding life since the instant conviction. (See Federal Bureau of Investigation criminal history report, appended as exhibit 12 to the instant motion; CPL 160.58 [2] [a].)
Conclusion
The New York Shock program, by virtue of its rigor and duration, and the fact that it may be judicially mandated as part of a prison sentence, constitutes “another judicially sanctioned drug treatment program of similar duration, requirements and level of supervision” as a judicially mandated diversion or drug treatment alternative to prison. (CPL 160.58 [1].) Defendant has demonstrated that he successfully completed the program and is thus eligible to have his conviction record sealed.
Defendant’s notable achievements and commendable and drug-free lifestyle since completion of the program, as well as *698 the impediments to further achievement attendant upon his conviction record, entitle him to the relief he seeks. (See CPL 160.58 [3].)
Accordingly, the motion for conditional sealing is granted.

. If a defendant is rearrested after conditional sealing, the conviction is immediately unsealed. (CPL 160.58 [8].)

. Under the revised statute defendant, as a first offender, would have been eligible for a nonincarceratory sentence for third-degree sale. (Penal Law § 70.70 [2] [b].)