■ The People of the State of New York, Respondent, v Jose Rodriguez, Appellant. [946 NYS2d 883]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Sullivan, J.), imposed June 11, 2010, pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738), the Drug Law Reform Act of 2005 (L 2005, ch 643), and the Drug Law Reform Act of 2009 (CPL 440.46), resentencing him, inter alia, to three determinate terms of imprisonment of 15 years upon his convictions of criminal sale of a controlled substance in the first degree (three counts), with two of those terms of imprisonment to run concurrently with each other and the third term of imprisonment to run consecutively to the first two.

Ordered that the resentence is affirmed.

Upon his convictions of three counts of criminal sale of a controlled substance in the first degree, the defendant originally was sentenced to three determinate terms of imprisonment, with two of those terms of imprisonment to run concurrently with each other and the third term of imprisonment to run consecutively to the first two. Contrary to the defendant's contention, the Drug Law Reform Acts of 2004, 2005, and 2009 (L 2004, ch 738; L 2005, ch 643; CPL 440.46) do not authorize the Supreme Court to alter his sentence so that all three terms of imprisonment run concurrently with each other (*see People v Acevedo*, 14 NY3d 828, 831 [2010]; *People v Norris*, 90 AD3d 788 [2011], *lv granted* 18 NY3d 926 [2012]; *People v Norris*, 90 AD3d 955 [2011], *lv granted* 18 NY3d 926 [2012]; *People v Vaughan*, 62 AD3d 122, 125-126 [2009]). Accordingly, the Supreme Court correctly concluded that it lacked authority to direct that all three terms of imprisonment run concurrently with each other. Mastro, A.P.J., Angiolillo, Austin and Sgroi, JJ., concur.