[986 NE2d 901, 964 NYS2d 67]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRELL NORRIS, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELBERT NORRIS, Appellant.

Argued February 7, 2013; decided March 21, 2013

■■■■■■■■■■

**APPEARANCES OF COUNSEL**

*Lynn W.L. Fahey, Appellate Advocates*, New York City (*Paul Skip Laisure* of counsel), for appellant in the first above-entitled action.

*Lynn W.L. Fahey, Appellate Advocates*, New York City (*Kathleen E. Whooley* and *Paul Skip Laisure* of counsel), for appellant in the second above-entitled action.

*Charles J. Hynes, District Attorney*, Brooklyn (*Caroline R. Donhauser, Victor Barall* and *Leonard Joblove* of counsel), for respondent in the first and second above-entitled actions.

**OPINION OF THE COURT**

MEMORANDUM.

In each case, the order of the Appellate Division should be affirmed.

Defendants Tyrell Norris and Elbert Norris (who are not related) were charged with drug felonies following an investigation into gangs that sold drugs in a public housing development in Brooklyn in the early 2000s. Tyrell Norris was convicted in 2003 of four counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and one count of conspiracy in the third degree (Penal Law § 105.13). Elbert Norris, meanwhile, was convicted of five counts of third-degree criminal sale of a controlled substance and one count of third-degree conspiracy, under the same penal statutes.

Both defendants had significant criminal histories, and were adjudicated second felony offenders. In December 2003,

Supreme Court imposed on each defendant consecutive sentences of 5 to 10 years' imprisonment on the criminal sale of a controlled substance counts, as well as $3^1/_2$ to 7 years' imprisonment on the conspiracy count, to run concurrently with the sale counts.

On direct appeal, the Appellate Division vacated one of Tyrell Norris's sale convictions along with the sentence imposed thereon (34 AD3d 501 [2d Dept 2006]). The dismissal of this count reduced his aggregate sentence from 20 to 40 years to 15 to 30 years. Similarly, one of Elbert Norris's sale convictions was vacated, reducing his aggregate sentence from 25 to 50 years to 20 to 40 years (34 AD3d 500 [2d Dept 2006]). In Elbert Norris's case, his sentence of incarceration was further reduced to 15 to 30 years, by operation of Penal Law § 70.30 (1) (e) (i).

In 2010, after the enactment of the Drug Law Reform Act (DLRA) of 2009 (L 2009, ch 56, part AAA, § 9, codified at CPL 440.46), both defendants sought resentencing to determinate sentences. The People consented to Tyrell Norris's determinate resentencing, but recommended consecutive terms of seven years' imprisonment on each of his three remaining sale convictions (with the conspiracy sentence running concurrently). In Elbert Norris's case, the People did not consent to determinate resentencing, and added, as an alternative argument, that if Elbert Norris were resentenced it should be to consecutive terms of imprisonment (with his conspiracy sentence running concurrently). In both cases, the People opposed running the sentences concurrently on the ground that Supreme Court had no authority, under CPL 440.46, to change the consecutive sentences to concurrent ones.

Supreme Court granted both defendants' motions for resentencing, but accepted the People's view that it had no authority to make the sentences run concurrently. The court offered to resentence Tyrell Norris to three consecutive terms of seven years' imprisonment, i.e., an aggregate sentence of 21 years, followed by postrelease supervision. Similarly, Supreme Court offered to resentence Elbert Norris to four consecutive terms of six years' imprisonment, i.e., an aggregate sentence of 24 years, plus postrelease supervision. Both defendants declined the specified offers, and appealed from the orders specifying the offered resentences.

In separate decisions, the Appellate Division affirmed Supreme Court's orders, and remitted the matters to Supreme Court. The Appellate Division held that, when resentencing a

defendant under CPL 440.46, a court is not authorized to alter multiple drug felony convictions that were originally imposed to run consecutively, so that they now run concurrently (*see People v Tyrell Norris*, 90 AD3d 788 [2d Dept 2011]; *People v Elbert Norris*, 90 AD3d 955 [2d Dept 2011]).

A Judge of this Court granted defendants leave to appeal to this Court, and we now affirm.

Under Penal Law § 70.25, a court is authorized to direct whether sentences run concurrently or consecutively only

> "when multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment" (Penal Law § 70.25 [1]).

In *People v Acevedo* (14 NY3d 828 [2010]), we held that neither circumstance is present when a court imposes a determinate sentence under the 2004 DLRA. Such resentencing constitutes "alteration of the existing sentence as authorized by law" (*id.* at 831), rather than imposition of a new sentence or of an additional term of imprisonment. We based our analysis on the fact that "[t]he purpose of the DLRA is to ameliorate the harsh sentences required by the original Rockefeller Drug Law" (*id.*). Resentencing courts are not given the discretion to fashion new sentences or add terms of imprisonment, but are constrained to make an existing sentence determinate in the manner dictated by the DLRA.

The cases before us involve the 2009 DLRA, but for our purposes the analysis is the same as for the 2004 DLRA at issue in *Acevedo*. Defendants argue that *Acevedo* is distinguishable because Acevedo sought to have weapon possession sentences, which in themselves would not be subject to DLRA modification, run concurrently with his new, determinate sentence for first-degree criminal possession of a controlled substance. Defendants point out that, by contrast, the sentences they seek to run concurrently are *all* subject to the DLRA.

The distinction upon which defendants rely makes no difference under our analysis in *Acevedo*. Our rationale was based on the intent of the legislature to relieve the harshness of the original Rockefeller Drug Laws by introducing a system whereby existing sentence lengths are altered. Penal Law § 70.25 (1) is inapplicable to DLRA resentencing, regardless of whether the sentences that defendant seeks to be made concurrent include

sentences not subject to the DLRA, as in *Acevedo*, or, as here, are all subject to the DLRA.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH and PIGOTT concur; Judge RIVERA taking no part.

In each case: Order affirmed, in a memorandum.