OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, and the matter is remitted to the Criminal Court for a determination de novo, following a hearing, of defendant’s motion to conditionally seal the record of his conviction of criminal possession of a controlled substance in the seventh degree.
In 2004, defendant was convicted, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree. In 2010, defendant moved, pursuant to CPL 160.58, to conditionally seal the record of his conviction. Section 160.58 of the Criminal Procedure Law provides, among other things, that defendants who have been convicted of controlled substances offenses under article 220 of the Penal Law, offenses involving marihuana under article 221 of the Penal Law, or offenses specified in CPL 410.91 (5), and have completed the sentence or sentences imposed, are eligible, upon motion to the sentencing court, to have the records of such conviction or convictions sealed. The motion may be granted if the defendant “has successfully completed a judicial diversion program” authorized by CPL article 216, “or one of the programs heretofore known as drug treatment alternative to prison or another judicially sanctioned drug treatment program of similar duration, requirements and level of supervision” (CPL 160.58 [1]). The determination whether to grant the motion “is within the discretion of the sentencing court after consideration of various factors set forth in the statute” (Matter of K., 35 Misc 3d 742, 743 [Sup Ct, NY County 2012]).
Defendant provided information to the Criminal Court showing that he had voluntarily enrolled in several alcohol and drug rehabilitation programs in Virginia, where he currently resides. He claimed that each of these programs constituted “another judicially sanctioned drug treatment program of similar duration, requirements and level of supervision” as the judicial di *55 version programs established by CPL article 216 (see CPL 160.58 [1]). The information included a letter written by a drug rehabilitation counselor indicating that, in July 2004, defendant admitted himself into an alcohol rehabilitation program, which, among other things, consisted of 60 group sessions. The letter added that while defendant “was an active participant in [the] group sessions ... he missed rather frequently due to work conflicts.” Nevertheless, he had successfully completed the program’s requirements. A “Summary Of Progress” prepared by the program indicated that defendant “initially . . . was resistant,” but that he had “shown much improvement in his attitude and has made a commitment to staying sober one day at a time.” His alcohol, breathalyzer, and urine tests were negative.
Based on the information he provided to the Criminal Court, defendant claimed that he was eligible to have the record of his conviction conditionally sealed under CPL 160.58 because, among other things, he had successfully completed all the requirements of his sentence, and “enrolled in and successfully completed various drug-recovery programs, and as a result has been clean and sober for over five years.” Defendant referenced the factors listed in CPL 160.58 (3), which guide a court in making its determination, and asserted that they “weigh[ed] strongly in favor” of his application for conditional sealing.
In opposition to the motion, the People, among other things, contended that “[i]t appears from all documents submitted by defendant that he never completed any court ordered treatment program.”
By decision and order dated November 9, 2010, the Criminal Court denied defendant’s motion. The court determined that defendant did not satisfy the requirements of CPL 160.58 because he did not complete “a judicial diversion program” authorized by CPL article 216, “a drug treatment alternative to prison or other judicially sanctioned drug treatment program.” The court indicated that defendant “may have successfully completed substance abuse treatment, but such treatment was not undertaken pursuant to the narrowly defined programs enumerated in CPL § 160.58. Additionally, such treatment was not pursuant to any judicial order; defendant voluntarily chose such treatment.”
Under the circumstances of this case, including, among other things, that defendant referred to CPL 160.58 (3) in support of his motion, and that the People, in opposing the motion, as *56 serted only that “[i]t appears from all documents submitted by defendant that he never completed any court ordered treatment program,” the Criminal Court erred in determining the motion without conducting a hearing pursuant to CPL 160.58 (3). Consequently, we reverse the order and remit the matter to the Criminal Court for a determination de novo, following a hearing, of defendant’s motion to seal the record of his conviction.
At the hearing, the Criminal Court shall “consider and review any relevant evidence offered by either party that would aid the court in its decision whether to seal” defendant’s record, and consider, in making its determination, “any relevant factors, including but not limited to” the four factors set forth in the statute (CPL 160.58 [3]). In addition, the court shall determine whether the treatment programs defendant enrolled in were “similar in terms of duration and intensity of drug treatment” as the judicial diversion programs authorized in article 216 of the Criminal Law, notwithstanding that he enrolled in the programs voluntarily (Matter of K., 35 Misc 3d at 744) and, “by virtue of [their] rigor and duration,” constituted “ ‘another judicially sanctioned drug treatment program of similar duration, requirements and level of supervision’ as a judicially mandated diversion or drug treatment alternative to prison” which would make him eligible to have the records in question sealed {id. at 745, quoting CPL 160.58 [1]). Furthermore, the court shall determine the extent of defendant’s participation in the treatment programs and whether he completed them, whether he failed any drug or alcohol tests or incurred any disciplinary penalties, whether he participated in and completed any aftercare component of the treatment programs, and whether he attended and/or currently attends meetings of organizations such as Alcoholics Anonymous and/or Narcotics Anonymous (see Matter of K., 35 Misc 3d at 743-744).
Rios, J.P, Pesce and Solomon, JJ., concur.