■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER COLE, Appellant. [980 NYS2d 551]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Marrus, J.), imposed January 20, 2012, pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738), the resentence being five determinate terms of imprisonment of 20 years to be followed by a five-year period of postrelease supervision on each of those terms, upon his convictions, after a jury trial, of criminal sale of a controlled substance in the first degree (five counts), with those terms of imprisonment to run consecutively to each other and concurrently with an indetermi-

nate term of imprisonment of 1⅓ to 4 years previously imposed by judgment of the same court rendered July 7, 1992, upon his conviction of criminal sale of a firearm in the second degree.

Ordered that the resentence is modified, as a matter of discretion in the interest of justice, by reducing the resentence imposed from five determinate terms of imprisonment of 20 years followed by a five-year period of postrelease supervision on each of those terms to five determinate terms of imprisonment of 15 years followed by a five-year period of postrelease supervision on each of those terms.

In 1992, the defendant was convicted, after a jury trial, of five counts of criminal sale of a controlled substance in the first degree (see Penal Law § 220.21), and one count of criminal sale of a firearm in the second degree (see Penal Law § 265.11). The defendant was sentenced to five indeterminate terms of imprisonment of 25 years to life for the convictions of criminal sale of a controlled substance in the first degree and one indeterminate term of imprisonment of 1⅓ to 4 years for the conviction of criminal sale of a firearm in the second degree. The terms of imprisonment for the convictions of criminal sale of a controlled substance in the first degree were directed to run consecutively to each other and concurrently with the term of imprisonment imposed for the conviction of criminal sale of a firearm in the second degree, for a total aggregate term of imprisonment of 125 years to life.

In 2011, the defendant moved to be resentenced pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738, § 23; hereinafter the DLRA). The Supreme Court granted the defendant's motion to the extent of resentencing him, for the five convictions of criminal sale of a controlled substance in the first degree, to five determinate terms of imprisonment of 20 years, to run consecutively to each other and concurrently with the sentence originally imposed on the conviction of criminal sale of a firearm in the second degree, for a total aggregate determinate term of imprisonment of 100 years. The defendant appeals, contending that the resentence is excessive and that the Supreme Court should have resentenced him, for the convictions of criminal sale of a controlled substance in the first degree, to five determinate terms of imprisonment of 15 years. The defendant also contends, in his pro se supplemental brief, that the Supreme Court should have directed that the resentences should run concurrently with each other.

The general purpose of the DLRA was to provide ameliorative relief by reducing the sentences of eligible individuals who were sentenced under the relatively higher mandatory minimum

terms of imprisonment dictated by the indeterminate sentencing scheme of the Rockefeller Drug Laws (*see People v Yusuf*, 19 NY3d 314, 320 [2012]; *People v Sosa*, 18 NY3d 436, 438 [2012]; *People v Utsey*, 7 NY3d 398, 401 [2006]; *People v Lashley*, 83 AD3d 868, 869 [2011]). Accordingly, when the Legislature enacted the DLRA in 2004, it "eliminated the mandatory minimum 15-year to life sentences for class A-I drug offenders (*see* Penal Law former § 70.00 [2] [a]; [3] [a] [i]), . . . and replaced the indeterminate sentencing structure with determinate sentences" (*People v Duke*, 40 AD3d 872, 873 [2007]; *see* Penal Law §§ 70.00 [1]; 70.71; *People v Utsey*, 7 NY3d at 401). The DLRA also contained a provision which allowed individuals convicted of a class A-I felony committed before the effective date of the new law to move for resentencing in accordance with the new determinate sentencing scheme (*see* L 2004, ch 738, § 23 [eff Dec. 27, 2004]).

Here, the defendant sought to be resentenced for the convictions of criminal sale of a controlled substance in the first degree, for which he had originally received consecutive sentences amounting to a total aggregate term of imprisonment of 125 years to life. Although the Supreme Court correctly observed that it was powerless, under the DLRA, to alter the defendant's sentence so that the five terms of imprisonment imposed for the convictions of criminal sale of a controlled substance in the first degree run concurrently with each other (*see People v Norris*, 20 NY3d 1068, 1072 [2013]; *People v Acevedo*, 14 NY3d 828, 830-831 [2010]; *People v Rodriguez*, 96 AD3d 1079, 1080 [2012], *affd* 20 NY3d 1073 [2013]; *People v Vaughan*, 62 AD3d 122 [2009]), it was nevertheless permitted to "consider any facts or circumstances relevant to the imposition of a new sentence" (L 2004, ch 738, § 23; *see People v Karim*, 85 AD3d 943, 943-944 [2011]). Accordingly, under the circumstances, in evaluating the appropriate terms of imprisonment to impose upon resentencing, the Supreme Court should have considered the fact that the sentences that were originally imposed for the convictions of criminal sale of a controlled substance in the first degree were directed to run consecutively to each other (*accord People v Nelson*, 112 AD3d 744 [2013]; *People v Jaquez*, 34 AD3d 598 [2006]). Here, since the resentences imposed by the Supreme Court were required to run consecutively with each other, the total aggregate term of imprisonment for the convictions of criminal sale of a controlled substance in the first degree still amounted to 100 years in prison.

"An intermediate appellate court has broad, plenary power to

modify a sentence that is unduly harsh or severe under the circumstances" (*People v Delgado*, 80 NY2d 780, 783 [1992], citing CPL 470.15 [6] [b]; *People v Thompson*, 60 NY2d 513, 519 [1983]). This authority to substitute its discretion for that of the sentencing court is necessary "to rectify sentencing disparities [and] reach extraordinary situations" (*People v Suitte*, 90 AD2d 80, 86 [1982]).

Under the circumstances of this case, including the fact that the courts are constrained from giving effect to the ameliorative purpose of the DLRA by directing resentences to run concurrently with each other when they were originally directed to run consecutively (*see People v Norris*, 20 NY3d at 1072; *People v Acevedo*, 14 NY3d at 830-831; *People v Vaughan*, 62 AD3d 122 [2009]), we conclude that the resentence imposed was excessive to the extent indicated (*see generally People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Austin, Sgroi and Miller, JJ., concur.