■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT JAVIER, Appellant. [9 NYS3d 239]—Judgment, Supreme Court, New York County (Charles H. Solomon, J., at severance motion; Bonnie G. Wittner, J., at jury trial and sentencing),

rendered January 16, 2007, as amended January 25, 2011, convicting defendant of criminal sale of a controlled substance in the first degree (four counts), criminal sale of a controlled substance in the second degree (three counts) and conspiracy in the second degree, and sentencing him to an aggregate term of 30 years, unanimously modified, on the law, to the extent of remanding for resentencing in accordance with this decision. Order, same court and Justice, entered on or about February 27, 2014, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

Defendant's argument that the evidence was legally insufficient as to three of the drug sale counts because the corroboration requirement of CPL 60.22 was not satisfied is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). With regard to the sales at issue, there is no basis for finding that the police informant could be viewed as an accomplice (*see People v Cona*, 49 NY2d 26, 35-36 [1979]). To the extent defendant is raising any other challenges to the sufficiency and weight of the evidence, we find them to be without merit.

Defendant's Confrontation Clause claim regarding lab reports that were received in evidence without objection is waived and unpreserved, and we decline to review it in the interest of justice; subsequent developments in the law do not excuse defendant's lack of objection (*People v Reynolds*, 25 NY2d 489, 495 [1969]). Defendant's claims regarding his severance motion and the court's handling of issues involving jurors are similar to arguments this Court rejected on a codefendant's appeal (*People v Council*, 98 AD3d 917 [1st Dept 2012], *lv denied* 20 NY3d 1060 [2013]), and we reach the same conclusions here.

However, defendant's January 25, 2011 Drug Law Reform Act resentencing on his drug sale convictions was improper with regard to the court's direction that certain sentences that had been concurrent would become consecutive, and vice versa (*see People v Norris*, 20 NY3d 1068 [2013]). We remand the matter to the trial court for imposition, after compliance with any DRLA procedural requirements that may be applicable, of a sentence that comports with *Norris*. Concur—Friedman, J.P., Saxe, Richter and Manzanet-Daniels, JJ.

Motion to file pro se supplemental brief denied.