The People of the State of New York, Respondent, 
against
M. D. (Anonymous), Appellant.




Higbee & Associates (Rayminh L. Ngo, Esq.), for appellant.
Suffolk County District Attorney (Karla Lato, Esq.), for respondent.

Appeal from an order of the County Court of Suffolk County (James Hudson, J.), dated November 24, 2014. The order denied defendant's motion, pursuant to CPL 160.58, to conditionally seal the record of his conviction, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree.




ORDERED that the order is reversed, without costs, and the matter is remitted to the County Court for a new determination, following a hearing, of defendant's motion to conditionally seal the record of his conviction of attempted criminal sale of a controlled substance in the third degree, in accordance with the decision herein.
In April 2007, defendant was charged in a felony complaint with criminal sale of a controlled substance in the third degree (Penal Law § 220.39). On January 17, 2008, in the County Court of Suffolk County, he pleaded guilty to the charge of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39). He was sentenced in the County Court in April 2009 to five years' probation and 60 days' incarceration (or 280 hours of community service) together with alcohol and narcotics conditions requiring, among other things, that he participate in an "Oasis" approved out-patient program. In 2014, defendant moved to conditionally seal the record of his 2008 conviction, alleging that he had entered an inpatient [*2]program for substance abuse treatment at the Bronx Veterans Affairs Hospital. After he had been discharged from that program, he attended a one-year outpatient program at the Northport VA Medical Center. Additionally, he attended a three-month "PTSD" substance abuse program through the Newington Campus of the VA Connecticut Healthcare System Medical Center in Connecticut. The record contains a discharge note from the Northport VA Medical Center. Defendant alleged that, since completing treatment, he has been clean and sober from drugs, and he has completed all the conditions of his sentence without any violations and was granted an early discharge from probation on January 24, 2013. The People took no position with respect to defendant's application for the conditional sealing of his record.
The County Court summarily denied the motion, determining that the programs defendant had attended did not meet the criteria set forth in CPL 160.58. The court noted that defendant had not participated in a judicial diversion program, a drug treatment alternative to prison or any other judicially sanctioned drug treatment program.
Pursuant to CPL 160.58, a defendant who has been convicted of, among other things, a controlled substance offense under article 220 of the Penal Law, and has completed the sentence, is eligible, upon motion to the sentencing court, to have the record of such conviction or convictions sealed. The motion may be granted if the defendant "has successfully completed a judicial diversion program" authorized by CPL article 216, "or one of the programs heretofore known as drug treatment alternative to prison or another judicially sanctioned drug treatment program of similar duration, requirements and level of supervision" (CPL 160.58 [1]). The determination whether to grant the motion " is within the discretion of the sentencing court after consideration of various factors set forth in the statute' " (People v Brocki, 42 Misc 3d 53, 54 [App Term, 2d Dept, 2d, 11th and 13th Jud Dists 2013], quoting Matter of K., 35 Misc 3d 742, 743 [Sup Ct, NY County 2012]).
Under the circumstances presented, we find that the County Court erred in determining the motion without first conducting a hearing pursuant to CPL 160.58 (3) (see Brocki, 42 Misc 3d at 53). Consequently, we reverse the order and remit the matter to the County Court for a new determination, following a hearing, of defendant's motion to seal the record of his conviction. The court is directed to "consider and review any relevant evidence offered by either party that would aid the court in its decision whether to seal" defendant's record, and consider, in making its determination, "any relevant factors, including but not limited to" the factors set forth in CPL 160.58 (3). Additionally, the court shall determine whether the treatment programs in which defendant was enrolled were "similar in terms of duration and intensity of drug treatment" to the judicial diversion programs authorized in article 216 of the Criminal Procedure Law, or whether "by virtue of [their] rigor and duration," they constituted "another judicially sanctioned drug treatment program of similar duration, requirements and level of supervision as a judicially mandated diversion or drug treatment alternative to prison," which would make defendant eligible to have the record in question sealed (Brocki, 42 Misc 3d at 56 [internal quotation marks and citation omitted]).
Accordingly, the order is reversed and the matter is remitted to the County Court for a new determination, following a hearing, of defendant's motion to conditionally seal the record of his conviction of attempted criminal sale of a controlled substance in the third degree.
MARANO, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 24, 2017