The People of the State of New York, Respondent,
against
Todd J., Appellant.




Higbee & Associates (Rayminh L. Ngo of counsel), for appellant.
Orange County Asst. District Attorney (Robert H. Middlemiss of counsel), for respondent.

Appeal from an order of the County Court, Orange County (Jeffery G. Berry, J.), dated December 29, 2014. The order denied defendant's motion, pursuant to CPL 160.58, to conditionally seal the record of the judgment convicting him, upon his guilty plea, of criminal possession of a controlled substance in the third degree.




ORDERED that the order is reversed, without costs, and the matter is remitted to the County Court for a new determination, following a hearing, of defendant's motion to conditionally seal the record of his conviction of criminal possession of a controlled substance in the third degree. 
In September 1987, defendant was arrested and subsequently pleaded guilty to the charge of criminal possession of a controlled substance in the third degree (Penal Law § 220.16). In January 1988, he was sentenced to an indeterminate term of one to three years. He was released on parole in November 1988.
In 2014, defendant moved to conditionally seal the record of his 1988 conviction, averring in his supporting affidavit that, while incarcerated, he had entered a "Chemical Dependency Program at the Camp Pharsalia Correctional Facility" and, then, after having completed the program in July 1988, he had received a certificate of completion. Defendant asserted that he had not violated any conditions of his sentence, including parole, and that he had [*2]been issued a certificate of relief from disabilities from the State Board of Parole. As a condition of his parole, he was required to complete out-patient drug counseling, which he satisfied by successfully completing that program. He has not been convicted of any other offense.
In denying the motion, the County Court determined that defendant had not participated in a judicial diversion program, a drug treatment alternative to prison or any other judicially sanctioned drug treatment program that was similar in duration, requirements and level of supervision to the Judicial Diversion and/or Drug Treatment Court sanctioned programs.
Pursuant to section 160.58 of the Criminal Procedure Law, a defendant who has been convicted of, among other things, a controlled substances offense under article 220 of the Penal Law, and has completed his sentence, is eligible, upon motion to the sentencing court, to have the record of such conviction sealed. The motion may be granted if the defendant "has successfully completed a judicial diversion program" authorized by CPL article 216, "or one of the programs heretofore known as drug treatment alternative to prison or another judicially sanctioned drug treatment program of similar duration, requirements and level of supervision" (CPL 160.58 [1]). The determination whether to grant the motion " 'is within the discretion of the sentencing court after consideration of various factors set forth in the statute' " (People v Brocki, 42 Misc 3d 53, 54 [App Term, 2d Dept, 2d, 11th and 13th Jud Dists 2013], quoting Matter of K., 35 Misc 3d 742, 743 [Sup Ct, NY County 2012]).
The County Court erred in denying the motion based solely on the ground that the treatment programs completed by defendant were not undertaken pursuant to the narrowly defined programs enunciated in CPL 160.58 (1). We note that these programs were completed by defendant prior to the enactment of CPL 160.58, which is not a disqualifying factor (see People v Brocki, 42 Misc 3d at 53). Consequently, we reverse the order and remit the matter to the County Court for a new determination, following a hearing, of defendant's motion to conditionally seal the record of his conviction. The court should "consider and review any relevant evidence offered by either party that would aid the court in its decision whether to seal" defendant's record, and consider, in making its determination, "any relevant factors, including but not limited to" the factors set forth in the statute (CPL 160.58 [3]). Additionally, the court shall determine whether the treatment programs defendant enrolled in were "similar in terms of duration and intensity of drug treatment" to the judicial diversion programs authorized in article 216 of the Criminal Procedure Law, or that "by virtue of [their] rigor and duration," they constituted "another judicially sanctioned drug treatment program of similar duration, requirements and level of supervision as a judicially mandated diversion or drug treatment alternative to prison" which would make him eligible to have his record sealed (People v Brocki, 42 Misc 3d at 56 [internal quotation marks and citation omitted]; see People v M.D., 56 Misc 3d 140[A], 2017 NY Slip Op 51096[U] [App Term, 2d Dept, 9th And 10th Jud Dists 2017]).
BRANDS, J.P., MARANO and TOLBERT, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 11, 2018