People v Garcia (2019 NY Slip Op 01791)





People v Garcia


2019 NY Slip Op 01791


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-09535
2017-09537

[*1]The People of the State of New York, respondent,
v
Jose Garcia, appellant. (Ind. Nos. 04-536, 04-594)


Thomas R. Villecco, Jericho, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) an order of the County Court, Orange County (Robert H. Freehill, J.), dated June 20, 2017, which, upon remittitur from this Court, specified and informed him that, in the event of a resentence pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738), the court would impose a determinate term of imprisonment of 17½ years plus 5 years of postrelease supervision on his conviction of criminal possession of a controlled substance in the first degree under Indictment No. 04-536, and (2) an order of the same court, also dated June 20, 2017, which, upon remittitur from this Court, specified and informed him that, in the event of a resentence pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738), the Drug Law Reform Act of 2005 (L 2005, ch 643), and CPL 440.46, the court would impose determinate terms of imprisonment of 17½ years plus 5 years of postrelease supervision on his conviction of criminal sale of a controlled substance in the first degree, 5 years plus 5 years of postrelease supervision on his conviction of criminal sale of a controlled substance in the second degree, 5 years plus 5 years of postrelease supervision on his conviction of criminal possession of a controlled substance in the second degree, and 3 years plus 5 years of postrelease supervision on each conviction of criminal possession of a controlled substance in the third degree (two counts) under Indictment No. 04-594, with these proposed resentences to run concurrently with each other and consecutively to the proposed resentence under Indictment No. 04-536.
ORDERED that the first order is modified, as a matter of discretion in the interest of justice, by reducing the proposed resentence on the defendant's conviction of criminal sale of a controlled substance in the first degree under Indictment No. 04-536 from a determinate term of imprisonment of 17½ years to a determinate term of imprisonment of 10 years; and it is further,
ORDERED that the second order is modified, as a matter of discretion in the interest of justice, by reducing the proposed resentence on the defendant's conviction of criminal sale of a controlled substance in the first degree under Indictment No. 04-594 from a determinate term of imprisonment of 17½ years to a determinate term of imprisonment of 10 years.
Under Orange County Indictment No. 04-536, the defendant was convicted, after a jury trial, of criminal possession of a controlled substance in the first degree (a class A-I felony) and [*2]sentenced to an indeterminate term of imprisonment of 17½ years to life. This Court affirmed the judgment of conviction (see People v Garcia, 57 AD3d 918). Under Orange County Indictment No. 04-594, the defendant was convicted of criminal sale of a controlled substance in the first degree (a class A-I felony), criminal sale of a controlled substance in the second degree (a class A-II felony), criminal possession of a controlled substance in the second degree (a class A-II felony), and two counts of criminal sale of a controlled substance in the third degree (a class B felony). The defendant was sentenced to indeterminate terms of imprisonment of 17½ years to life on the conviction of criminal sale of a controlled substance in the first degree, 8 years to life on the conviction of criminal sale of a controlled substance in the second degree, 8 years to life on the conviction of criminal possession of a controlled substance in the second degree, and 5 to 15 years on each conviction of criminal sale of a controlled substance in the third degree. The sentence on the conviction of criminal sale of a controlled substance in the first degree was to run concurrently with the sentences on the remaining convictions under Indictment No. 04-594, and consecutively to the sentence under Indictment No. 04-536. This Court affirmed the judgment of conviction (see People v Garcia, 66 AD3d 699).
In March 2010, the defendant moved for resentencing pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738), the Drug Law Reform Act of 2005 (L 2005, ch 643), and the Drug Law Reform Act of 2009 (CPL 440.46) (hereinafter collectively DLRA). The County Court resentenced the defendant, and the defendant appealed from the resentences. This Court reversed the resentences and remitted the matters to the County Court, Orange County, for the entry of proper initial DLRA orders (see People v Garcia, 107 AD3d 738). Thereafter, in September 2013, the County Court issued an order specifying and informing the defendant that "it is the Court's sentencing position that the defendant, upon resentence, should receive a determinate term of 17½ years plus 5 years of post release supervision on each indictment to run consecutively." This Court reversed the order and remitted the matters to the County Court, Orange County, for the entry of proper initial DLRA orders for each indictment, inter alia, specifying the proposed resentences for each count of each indictment (see People v Garcia, 145 AD3d 1032).
Upon remittitur, it is undisputed that the County Court entered proper initial DLRA orders. In the order appealed from under Indictment No. 04-536, the court proposed a resentence of a determinate term of imprisonment of 17½ years plus 5 years of postrelease supervision on the defendant's conviction of criminal possession of a controlled substance in the first degree. In the order appealed from under Indictment No. 04-594, the court proposed resentences of determinate terms of imprisonment of 17½ years plus 5 years of postrelease supervision on the defendant's conviction of criminal sale of a controlled substance in the first degree, 5 years plus 5 years of postrelease supervision on the defendant's conviction of criminal sale of a controlled substance in the second degree, 5 years plus 5 years of postrelease supervision on the defendant's conviction of criminal possession of a controlled substance in the second degree, and 3 years plus 5 years of postrelease supervision on each of the defendant's convictions of criminal possession of a controlled substance in the third degree. Each of these proposed resentences under Indictment No. 04-594 were to run concurrently with each other and consecutively to the proposed resentence under Indictment No. 04-536.
On these appeals, the defendant contends that the total aggregate proposed determinate term of imprisonment of 35 years is unduly harsh and severe given, among other things, his good institutional record of confinement and accomplishments while he has been incarcerated. In support of his motion for resentencing, the defendant submitted documents, certificates, and letters showing that he completed vocational educational programs to become a residential electrician and to learn computer repair, that he earned a GED, that he successfully completed drug and violence rehabilitation programs, that he had worked for over eight years as a janitor, and that he was well-regarded by his teachers, work supervisors, and correctional personnel.
"The general purpose of the DLRA was to provide ameliorative relief by reducing the sentences of eligible individuals who were sentenced under the relatively higher mandatory minimum terms of imprisonment dictated by the indeterminate sentencing scheme of the Rockefeller Drug Laws" (People v Cole, 114 AD3d 869, 870-871; see People v Yusuf, 19 NY3d 314, 320; [*3]People v Sosa, 18 NY3d 436, 438; People v Utsey, 7 NY3d 398, 401). In evaluating the appropriate terms of imprisonment to impose upon resentencing, the court may "consider any facts or circumstances relevant to the imposition of a new sentence" (L 2004, ch 738, § 23; see People v Cole, 114 AD3d at 871; People v Karim, 85 AD3d 943, 944). Among these factors, the court may consider that sentences imposed for more than one conviction were directed to run consecutively to each other, and that a court is powerless, under the DLRA, to alter those sentences so as to run them concurrently with each other (see People v Cole, 114 AD3d at 871; see also People v Norris, 20 NY3d 1068, 1072; People v Acevedo, 14 NY3d 828, 830-831). Additionally, the court should consider the institutional record of confinement of a person seeking to be resentenced under the DLRA (see People v Flores, 50 AD3d 1156; see also L 2005, ch 643, § 1).
"An intermediate appellate court has broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the permissible statutory range" (People v Delgado, 80 NY2d 780, 783; see CPL 470.15[6][b]; People v Thompson, 60 NY2d 513, 519). Our sentencing review power "may be exercised, if the interest of justice warrants, without deference to the sentencing court" (People v Delgado, 80 NY2d at 783). "In considering whether a sentence is unduly harsh or severe under the circumstances, we exercise our discretion giving consideration to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation, and deterrence'" (People v Kordish, 140 AD3d 981, 982-983, quoting People v Farrar, 52 NY2d 302, 305).
Under the circumstances of this case, including the defendant's overall positive institutional record during his now 13 years of confinement, and the fact that courts are constrained from giving effect to the ameliorative purpose of the DLRA by directing resentences to run concurrently with each other when they were originally directed to run consecutively (see People v Cole, 114 AD3d 869), we conclude that the proposed resentences were excessive to the extent indicated (see generally id.; People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court