■ The People of the State of New York, Respondent, v Jose Rivera Rubero, Appellant. [742 NYS2d 542] —Judgment, Supreme Court, Bronx County (Daniel Sullivan, J.), rendered July 1, 1997, convicting defendant, after a jury trial, of attempted murder in the first degree, robbery in the first degree and assault in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 25 to 50 years, unanimously affirmed.

The trial court properly denied defendant's request for preclusion of testimony concerning a lost item of physical evidence, since there was no evidence of bad faith, and any possibility of prejudice to defendant was highly speculative (see, People v Kelly, 62 NY2d 516; People v Aponte, 240 AD2d 317, lv denied 91 NY2d 868; see also, Arizona v Youngblood, 488 US 51). "The adverse inference charge was a sound exercise of the court's discretion, assuming any sanction was required in the

first place." (*People v Rice*, 223 AD2d 405, 406, *lv denied* 87 NY2d 1024.) Defendant's challenge to the content of the court's adverse inference charge is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the instruction accurately stated the law (*see, People v Martinez*, 71 NY2d 937).

The court properly imposed consecutive sentences for the robbery and attempted murder convictions. In this robbery of a pizza store, defendant obtained the store owner's money at gunpoint and then demanded his chain. The trial evidence clearly established that after defendant took the victim's chain, defendant formed a new intent, which was to kill the victim, and committed a distinct criminal act by shooting the victim three separate times, having fired the third shot into the victim's face as defendant stood over the fallen victim (*see, People v Hernandez*, 186 AD2d 471, 474-475, *affd* 82 NY2d 309; *see also, People v Tanner*, 30 NY2d 102, 108).

The record establishes that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). Defendant's remaining contentions, including those contained in his pro se supplemental brief, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, J.P., Rosenberger, Lerner, Rubin and Marlow, JJ.