◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCIA HILLIARD, Appellant. [843 NYS2d 308]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered November 10, 2004, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing her, as a second felony offender, to 1½ to 3 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). The jury properly rejected defendant's various credibility arguments, including her assertion that it was implausible for anyone to stuff three coats into a backpack or book bag. In addition, the People satisfactorily established the value of the stolen coats.

The fact that the People did not produce the bag that defendant used in the theft did not deprive her of a fair trial. There is no evidence that the People ever possessed this bag, and they were not required to gather evidence allegedly favorable to defendant (*see People v Alvarez*, 70 NY2d 375, 381 [1987]). Even assuming that the People had possessed this item, there is no evidence of any bad faith in its loss, and the court provided a remedy that was more than adequate when it delivered an adverse inference charge (*see People v Rubero*, 294 AD2d 310 [2002], *lv denied* 98 NY2d 713 [2002]). Moreover, the prosecutor's summation remarks regarding possible explanations for the absence of the bag at trial were reasonable inferences from the evidence and proper responses to the defense summation (*see People v Nai Hing Liang*, 208 AD2d 401 [1994]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record concerning the reasons for counsel's tactical decisions (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, there appear to be reasonable explanations for each of the actions of trial counsel that defendant challenges. Concur—Saxe, J.P., Marlow, Williams, Sweeny and Malone, JJ.