■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD SMITH, Appellant. [998 NYS2d 45]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered August 1, 2005, convicting defendant, after a jury trial, of attempted murder in the second degree, robbery in the first degree and second degrees, attempted assault in the first degree and assault in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 21 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant's homicidal intent could be reasonably inferred from his conduct (*see generally People v Getch*, 50 NY2d 456, 465 [1980]), including his repeated infliction of severe wounds to the victim's head and neck by swinging a meat cleaver (*see e.g. People v Ross*, 270 AD2d 36 [1st Dept 2000], *lv denied* 95 NY2d 803 [2000]). Even if defendant's motive was to escape with stolen property, the jury could have reasonably found that he nevertheless intended to kill the person who sought to apprehend him.

The court properly exercised its discretion in denying defendant's mistrial motion, made after the People's loss of exhibits already in evidence and viewed by the jury, consisting of the bloody clothing of both defendant and the victim. There was no evidence of bad faith on the part of the People, who inadvertently caused the exhibits to be discarded, and any prejudice to defendant from the absence of the exhibits from the courtroom for the remainder of the trial was highly speculative (*see e.g. People v Rubero*, 294 AD2d 310 [1st Dept 2002], *lv denied* 98 NY2d 713 [2002]). The clothing was not critical to the People's case or to any trial issues. Although defendant claims that he needed the presence of the coat in order to raise certain issues, we note that the coat was present during the testimony of the victim and another important witness, and defendant had a full opportunity to cross-examine these witnesses on all matters relating to the coat. Furthermore, the court gave the jury an adverse inference instruction. Defendant has not preserved any of his arguments regarding that instruction, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Tom, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.