People v Mendez (2019 NY Slip Op 08705)





People v Mendez


2019 NY Slip Op 08705


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2014-10935
 (Ind. No. 1696/11)

[*1]The People of the State of New York, respondent,
v
Francisco Mendez, appellant.


Edelstein & Grossman, New York, NY (Jonathan I. Edelstein of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, William H. Branigan, and Katherine A. Triffon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered October 21, 2014, convicting him of course of sexual conduct against a child in the first degree (two counts), criminal sexual act in the first degree, criminal sexual act in the third degree (three counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the prosecutor did not effectively become an unsworn expert witness during summation. The prosecutor's comments as to why a child might delay reporting sexual abuse were based on inferences that could reasonably be drawn from the evidence (see People v Willis, 122 AD3d 950, 950; People v Crosdale, 103 AD3d 749, 750; People v Hilliard, 44 AD3d 498, 499).
Furthermore, the evidence that the defendant had committed a prior sexual assault against the complainant's sister, which resulted in the family mistreating and harassing the sister instead of helping her, was probative of the complainant's state of mind with respect to why the complainant delayed reporting the abuse committed against him (see People v Guagenti, 264 AD2d 427), and the probative value of this evidence was not outweighed by its prejudicial effect.
In addition, the Supreme Court providently exercised its discretion in denying the defendant's request for an adjournment (see People v Ruiz, 57 AD3d 576).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
MASTRO, J.P., ROMAN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court